The opinion of the Court was delivered by
Colcock, J.
The first ground has been so recently settled in the case of the State v. John Helfrid,[1] that it is unnecessary to say 'anything on that; and the third has been considered as settled, ever since the case of the State v. Stroxid.[2] The second then only remains to be considered.
At the first view, I confess that the idea appeared to have great weight, but I am satisfied that it is not one Act, nor one offence, buti . one Act, yet that there may be two punishments.
The Act of 26th March, 1784,[3] imposes a penalty of fifty pounds on persons retailing spirituous liquors without a license to persons of any description. P. L. 340. 1 Brev. Dig. 418. The Act of 1817[4] imposes the penalty of one thousand dollars, and imprisonment, *on persons dealing, trading, or trafficking, with a negro without a <- ° ticket.
What act then is punished by the first law ? The retailing of spirituous liquors withouta license, which the defendant did. But the question is, did he dono more ? He did; he retailed without a license, to a negro without a ticket; was this necessary to consummate the first offence ? It was not, for it is immaterial to whom he does retail, to a white or black man, or if to the latter, whether with or without a ticket; if then he did more than was necessary to 'consummate the first offence, he did more than one act in legal contemplation.
The next inquiry is, whether he committed two offences; and of this there can be no doubt. He sold liquor without a license, in violation of the Act of the 26th March, 1784, which was passed in aid of the public revenue, thereby defrauding government; he sold to a negro without a ticket, in violation of the Act of 1817, passed to preserve the morals of slaves, and to protect the property of their owners, to the injury of all slaveholders. But it was urged, that as this selling to the negro was one act in point of time, that was sufficient to protect the defendant from two prosecutions ; and in support of this, 2 Comp. 641, 4 Term Rep. 809, were relied on. This position is only correct when time is a constituent or necessary part of the offence, as appears by the case referred to, which was an indictment against a baker for selling bread on Sunday, contrary to a law to prohibit Sabbath breaking ; several indictments were preferred for selling several loaves of bread. The Court held, that only one could be maintained, because the crime did not consist in selling bread, but in the selling bread on that day. 2 Cowp. 641, Crepps v. Durden.
Again, it was contended, that one of these offences being more injurious to society, and the Act prohibiting it, more highly penal, that the minor offence must necessarily merge in the major, as in the case of homicide, proceeding from a blow, the offender cannot be *in-dieted both for the assault and the homicide. This doctrine is L ** only applicable to those cases in which two offences may be committed by one and the same act, in which the minor is necessarily and conclusively comprehended in the major. But in this case it has been shown, that the defendant committed two acts, and that they are so wholly unconnected and distinct, as not to be comprehended, the one within the other.
But let it be admitted, that the defendant committed, physically, but *542 one act; two offences may be committed by one act, even at the common law ; a perstm fires a gun, kills one, and wounds another, if he escape for the homicide, (that is, if his life be not taken,) he may be indicted for the assault on the other ; or suppose he severely wound two, he may be indicted for two assaults. Again, the Legislature pass a law imposing a penalty of $100 on one who fires a loaded gun or pistol in the city. One does fire a loaded pistol and wounds a citizen ; he may be indicted for the assault, and the penalty both; yet here is clearly only one act.
Motion dismissed.
Bat, Rott, Johnson and Huger, JJ., concurred.
Sea 11 Rich. 450; 5 Rich. 228; Dud. 110; Rice, 408; 1 Bail. 1; 2 Bail. 47, 49.

 Ante, 233.

 1 Brev. 551; Ante, 30, 34.

 4 Stat. 608.

 7 Stat. 454.