BLAIR *vs.* THE STATE OF GEORGIA.

1. A plea of former conviction, setting out no record of the former trial and conviction, and not even the former judgment, nor the term at which it was rendered, was properly stricken on demurrer.
2. A former conviction of selling liquor to a minor without the written consent of his parent or guardian, even if properly pleaded, would not be good in bar of a prosecution for selling liquor without license, though the act of selling were the same in both cases.
(*a*) The offences are separate and distinct. The true rule is, if the evidence required to convict under the first indictment would not be sufficient to convict under the second indictment, but proof of an additional fact would be necessary to constitute the offence charged in the second, the former conviction or acquittal could not be pleaded in bar to the second indictment.

October 17, 1888.

~ Criminal law. Pleadings. *Autre fois convict.* Before Judge VAN EPPS. City court of Atlanta. March term, 1888.

Reported in the decision.

FRANK R. WALKER, for plaintiff in error.

FRANK M. O'BRYAN, solicitor, for the State.

BLANDFORD, Justice.

1. The plaintiff in error was indicted for selling spirituous liquors without a license. He filed a plea to the effect that in that court he had been formerly tried and convicted of the same offence. The plea was demurred to, and the court sustained the demurrer. We think the court was right in sustaining the demurrer. The plea contained very little of what is essential to a plea of a former conviction. No record of the former trial and conviction was set out. The former judgment was not set out, nor the term at which it was rendered. No such plea has been allowed in any court that we are aware of.

2. But even if the former conviction had been properly pleaded, we do not think it would have constituted any bar to this indictment. It was alleged by the defendant that, in the former case, he had been convicted of selling liquor to a minor without the written consent of his parent or guardian, and that the act of sale was the same for which he was indicted in the present case. While it may be true that the act of selling was identical in both cases, yet the offences were separate and distinct. Two different laws were violated. He violated one law in selling to a minor without the written consent of his parent or guardian; he violated another in

selling without a license from the proper authority. We think the true rule is this : If the evidence required to convict under the first indictment would not be sufficient to convict under the second indictment, but proof of an additional fact would be necessary to constitute the offence charged in the second indictment, then the former conviction or acquittal could not be pleaded in bar to the second indictment. Although the testimony as to the act of selling may have been the same in the second of these cases as in the first, yet in order to convict of the offence charged in the second indictment, it was necessary to prove the further fact that this selling was without a license.

Judgment affirmed.

BLECKLEY, Chief Justice, concurring.

I concur in this judgment upon the first ground (failure to set out the record of conviction in the plea), and yield to the force of authority on the other ground. I have very grave doubt, upon principle, whether a single act, although it may have violated two statutes or two sections of the penal code, will constitute two offences. The government may at its election prosecute for either, but it would seem that one punishment ought to be a satisfaction of the law. Here was a single sale. At one end it required a license from the public, and at the other end it required a license from the parent or guardian. The act was carved into two parts. I analogize it in my own mind to cutting an earth-worm in two: both ends would be alive. The tail was prosecuted in the first proceeding, and now they prosecute the head, and both have been convicted. I have examined the authorities to my satisfaction, and they seem to justify this sort of proceeding. It appears to me to be viola-

tive of principle, but I yield to authority and do not purpose to follow my own head against the adjudications of wiser judges. The test laid down by most of the books is, that if the evidence requisite to support the second indictment would have produced a conviction on the first, the bar attaches; but if the second indictment requires evidence which would not have supported the first, the bar does not attach. Try the rule by different cases we have had. A man was indicted for stealing a cow of a certain description, and acquitted. He was indicted again for stealing the same cow, by another description, and it was held that the second indictment was barred by the result of the first. *Buhler vs. The State*, 64 *Ga.* 504. There the evidence required to support the second indictment would not have produced a conviction on the first. Again, in another case, (*Goode vs. The State*, 70 *Ga.* 752,) a house from which a larceny was committed and the goods stolen were described as the house and goods of a certain person; and that indictment resulted in an acquittal. A second indictment was brought, alleging a different ownership of the house and goods, and laying the offence on a different day. The evidence requisite to support the second indictment would not have supported the first; and yet it was held that acquittal on the first was a bar to the second. And see *Knight vs. The State*, 73 *Ga.* 804. The books are in some confusion about the application of the principle which most of them seem to recognize. But almost the identical case now before us I find decided. A statute of South Carolina prohibited trading with a slave; after a conviction for trading with a slave, an indictment was maintained under another statute for selling without a license from the public authority; and the transaction under both indictments was the same. State *vs.* Sonnerkalb, 2 Nott & McC. 280; State *vs.* Glasgow, Dudley,

40.   So that while confusion exists, the identical case, in principle, that is now before us has been ruled more than once the way the court has just announced; and I acquiesce on authority for the present, but without changing in the least my opinion on the principle.   As I understand *Roberts vs. The State,* 14 *Ga.* 8, the court preferred the same-transaction test to the same-evidence test.   On page 12, it said, " To avoid confusion on this subject, we adopt the rule as 'it is otherwise more generally and perhaps more accurately expressed, viz. that the plea of *autre fois acquit* or *convict* is sufficient, whenever the proof shows the second case to be the same transaction with the first."   And see *Holt vs. The State,* 38 *Ga.* 187.