BRYANT *v.* THE STATE.

1. The State is not bound to prove the commission of the offense charged in an indictment on the precise date alleged therein, but may prove its commission on any day within the statute of limitations.

2. Whether or not it would be competent for the State to prove a particular act done by the accused which would constitute the offense charged, if it affirmatively appeared that the grand jury had never passed upon, or indicted him for, that act, but had predicated the indictment upon an entirely separate and distinct transaction, this is not made so to appear by the tes-

timony of a witness, not a member of the grand jury, and who manifestly could not know, except by hearsay, if at all, upon what particular act of the accused the indictment was really founded.

3. The charge complained of, to the effect that if the jury believed beyond a reasonable doubt that the accused unlawfully beat the person alleged in the indictment to have been assaulted, at the time charged in the indictment, or at any time within two years before the date of the filing of the same, they would be authorized to convict, even if under any circumstances objectionable, was not, in view of the evidence in this case, erroneous.

4. If in the present case the State proved two separate and distinct beatings, at different times and places, there was no motion to require the State to make any election, or direct its evidence to, and ask a conviction upon, either one of such beatings. Whether or not, in a misdemeanor case, such a motion would in any event be well founded, there was no error in admitting the evidence complained of, even if it related to a beating different from that referred to by a witness previously introduced; and the evidence so admitted was in rebuttal of the statement of the accused, in which he denied generally that he had ever at any time beaten the person alleged to have been assaulted.

July 29, 1895.

Indictment for assault and battery. Before Judge Westmoreland. Criminal court of Atlanta. June term, 1895.

*Newton A. Morris*, for plaintiff in error.
*Lewis W. Thomas, solicitor*, contra.

ATKINSON, Justice.

1. The principle announced in the first head-note has been so often ruled in this court, that it does not require further elaboration.

2. The indictment under which the plaintiff in error was tried does not appear in the record; but from the statements concerning the same which we find there, it may be assumed that it was an ordinary indictment for assault and battery committed upon a given day in the county of Fulton, by the defendant upon a child therein named. Upon the trial of the case, it appears that the witnesses for the State

testified to the commission of a battery of the kind described and at the time charged in the indictment. Another witness testified to the commission of another battery upon the same person at a time other than that alleged in, but within two years next before the finding of the indictment. This testimony was objected to, upon the ground that it was not competent for the State to give in evidence two distinct batteries. In cases of felony, this could be done; but in misdemeanor cases, it is the constant practice to submit to the jury evidence of several misdemeanors of the same character, perpetrated by the same person. No harm can result from this practice; inasmuch as the State is permitted to give in evidence before the jury testimony showing the commission of the alleged misdemeanor at any time within two years next before the finding of the indictment, the defendant must be prepared to answer for himself as to each occasion upon which the State may elect to prove his guilt, but with the resulting advantage that but one judgment can be given upon the same indictment, and, though he may have committed many misdemeanors of like character, a judgment of conviction as to one will protect him as to all, the indictment being general and not specific in its descriptive averments; and this is true, because under a plea of *autre fois acquit* or *convict,* he could establish the fact that he had been tried under an indictment which covered that offense, and from which it could not be gathered that he was not convicted upon the identical evidence relied upon to convict him of the offense for which he then stood indicted. The true test as to whether a plea of *autre fois convict* or *acquit* will prevail, is whether the evidence which could have been admitted under a former indictment would support a verdict of guilty under the indictment under review. If so, the plea of former jeopardy will protect the accused against the latter indictment. *Blair* v. *The State,* 81 *Ga.* 629. And hence, when the State elects to prosecute for one misdemeanor under an

indictment which will admit evidence of many misde-meanors of like kind committed within the period of limitation prescribed for the prosecution of those covered by the indictment, its election is necessarily to prosecute for each of such misdemeanors, and a plea of conviction or acquittal under such indictment is good in bar of a subsequent indictment for any of such offenses. If the State should elect to prosecute separately for each several misdemeanor, the allegations in the indictment must be so certain in their descriptive averments as that in case of a prosecution under another indictment for a similar offense, but committed at a different time and under different circumstances, it could be judicially ascertained that he had not before been tried therefor. Of course, if the indictment be so general as not specifically to describe the special offense for which the defendant was indicted, the testimony of a witness, not a member of the grand jury, would not be sufficient to establish the identity of the transaction concerning which he or she testified, with the transaction for which the defendant was indicted. Hopkins' Penal Code, paragraph 2 of section 1514.

3. The charge of the court as stated in the third headnote, is in accord with repeated adjudications of this court.

4. The practice of compelling an election by the State has no application to prosecutions for misdemeanors. In order to avoid surprises, however, and to give an opportunity to the defendant to make his defense of which he otherwise would be deprived, the court may, in its discretion, require the State to direct its evidence to proof of a particular battery, excluding other evidence; but no proposition of this kind was submitted in this case. It does not appear that the defendant was in any sense embarrassed or surprised by the testimony introduced by the State, and we do not think the court erred in admitting the evidence. Besides, the testimony of this witness was admissible in contradiction of the statement of the defendant, who denied that he had at any

time, or under any circumstances, committed a battery upon the child named in the indictment.

Let the judgment of the court below be        *Affirmed.*