## BELL v. THE STATE.

103  397
105  726

103  397
116   93
116  580
116  609

1. Inasmuch as the act establishing the criminal court of Atlanta does not authorize that court to discontinue a trial and commit or bind over the accused to the next superior court, if, after hearing evidence, it shall appear that the offense is beyond the jurisdiction of such criminal court, neither the law embraced in section 761 of the Penal Code nor the decision rendered by this court in *Cunningham* v. *State*, 80 *Ga.* 4, is in such case applicable. When, therefore, such a trial is once begun the accused is in legal jeopardy and may avail himself of this defense in a subsequent prosecution for the same act.

2. Where a person has been put in legal jeopardy of a conviction of an offense which is a necessary element in and constitutes an essential part of another offense, such jeopardy is a bar to a subsequent prosecution for the latter offense, if founded upon the same act.

3. Accordingly, where a person was put upon his final trial, in the criminal court above referred to, for an alleged assault and battery upon a woman, and, after the evidence had been closed, the court, without his consent, discharged the jury and bound the accused over for the offense of assault with intent to commit a rape, the prosecution upon this latter charge could not, as against a proper plea of former jeopardy, be sustained.

4. The court in the present case erred in holding that the plea of former jeopardy did not allege a complete defense against the indictment.

Submitted December 6, 1897.—Decided February 28, 1898.

Indictment for assault with intent to rape. Before Judge Candler. Fulton superior court. September term, 1897.

*James K. Hines* and *S. C. Crane*, for plaintiff in error.
*C. D. Hill*, solicitor-general, contra.

FISH, J. 1. Was the plea of former jeopardy, under the facts alleged therein and admitted by the State, good in bar of the prosecution under the indictment for assault with intent to

commit a rape? The facts set forth in the plea show that the prosecution in the criminal court of Atlanta put the accused in jeopardy of a conviction of assault and battery and in jeopardy of a conviction of assault. This is not disputed by the State. The State contends that, while this is true, the accused was not in jeopardy so far as the crime of assault with intent to commit a rape is concerned, and that the jeopardy in which he was placed by the proceedings had in the city criminal court was no bar to his subsequent prosecution for the greater offense for which he was tried in the superior court. In support of this contention, the State cites the decision in *Cunningham* v. *State*, 80 *Ga.* 4. That decision is not applicable in this case. An accusation was preferred against Cunningham, in the county court of Decatur, for the offense of assault. He waived indictment by the grand jury, and demanded a trial by a jury in the county court. During the progress of the trial, the judge of that court, after hearing the evidence, concluded that the evidence made a case of assault with intent to murder, or of shooting at another, and stopped the trial, over the protest of counsel for the defendant, and bound the defendant over to the next term of the superior court. Cunningham was subsequently indicted and tried in the superior court for assault with intent to murder. When arraigned in the superior court, he pleaded former jeopardy, arising out of the trial in the county court. The judge presiding at the trial in the superior court held this plea to be invalid, and this court sustained his ruling, holding that when Cunningham waived indictment and demanded a jury trial in the county court, it amounted to an agreement on his part to be tried under the provisions of the act regulating trials in that court, "including the right of the judge of that court, if at any time during the progress of the trial he should be of opinion that the evidence produced before him made the offense of a felony instead of a misdemeanor, to stop the trial at once and commit the defendant to jail, or require him to give bond for his appearance at the next term of the superior court."

This right of the judge of the county court to discontinue the trial and exercise the powers of a committing court is

found in the provisions of the statute embraced in section 761 of the Penal Code. The provisions of this section are not applicable to the criminal court of Atlanta. When an accusation is preferred against a party in the criminal court of Atlanta and he waives indictment by the grand jury and demands a trial by a jury in that court, he impliedly agrees to be tried, for the offense named in the accusation, under the provisions of the law regulating trials in that court. He does not agree to be tried under the provisions of the law regulating trials in the county courts. The law regulating trials in that court is found in the act establishing the criminal court of Atlanta. (Acts of 1890–91, p. 935.) There is nothing in that act which authorizes the judge of that court to discontinue a trial and bind over the accused to the next superior court, if, after hearing the evidence, he should be of opinion that the defendant is guilty of an offense which is beyond the jurisdiction of such criminal court. Therefore, when a person against whom an accusation is preferred in that court waives indictment and demands a jury trial therein, he does not consent for the judge to stop the trial, dismiss the jury, and bind him over to the superior court, if, in the opinion of the judge, the evidence makes out a case of felony. By his waiver and demand, he does not consent for the judge of that court to exercise, in his case, a power which the law has not conferred upon him.

It was said by the court, in *Cunningham's* case, supra, that the "defendant made the waiver above alluded to with the knowledge and understanding that the law was, that if the county judge should determine from the evidence that it was a felony and not a misdemeanor, he would have the right to stop the trial and bind the defendant over for a felony." In this case, it may be said that the defendant made the waiver with the knowledge and understanding that if the judge of the criminal court of Atlanta should determine that the offense was a felony and not a misdemeanor, he would have no right to stop the trial and bind him over for the greater offense. Without this knowledge and understanding, he might not have made the waiver. When, therefore, the accused was put upon trial in the criminal court of Atlanta, upon an accusation

charging him with assault and battery, and a jury was empanelled and sworn to try the case, he was in legal jeopardy and could avail himself of this defense in a subsequent trial for assault with intent to commit a rape founded upon the same act.

2, 3. In the case of *Copenhaven* v. *State*, 14 *Ga.* 8, this court laid down the broad rule, that "the plea of autrefois acquit or convict is sufficient whenever the proof shows *the second case to be the same transaction with the first.*" Again, in *Holt* v. *State*, 38 *Ga.* 187, it was held, that where a party has been acquitted of an offense for which he was indicted and "is afterwards indicted a second time for the *same criminal acts* as alleged in the first indictment, though under a different *named offense*, he may plead his discharge and acquittal under the first indictment in bar to the second." And in *Jones* v. *State*, 55 *Ga.* 625, it was held, that "a plea that the defendant was put on trial for the same transaction under a valid indictment for simple larceny and the case nol. prossed, and withdrawn from the jury without his consent, is good in bar of a subsequent indictment for burglary. Having been in jeopardy of liberty once, he can not be put in jeopardy again for the same transaction, save on his own motion for a new trial, or in case of mistrial." The rule laid down in these decisions, if followed, would be decisive of this case, for it is admitted that the prosecution in the city criminal court and the one in the superior court were founded upon the same transaction — that they were for the same act. The principle ruled in these cases was followed in *Buhler* v. *State*, 64 *Ga.* 504; *Goode* v. *State*, 70 *Ga.* 752; and *Knight* v. *State*, 73 *Ga.* 804. It was not followed in *Blair* v. *State*, 81 *Ga.* 629, for there the court, without alluding to any of the first three cases which we have mentioned, held, that "a former conviction of selling liquor to a minor without the written consent of his parent or guardian, even if properly pleaded, would not be good in bar of a prosecution for selling liquor without license, though the act of selling were the same in both cases." The court said, "the offenses are separate and distinct." Chief Justice Bleckley reluctantly concurred in this decision, yielding to what he believed to be the weight of authority, but gravely doubting the principle upon which it was based.

While it might be sufficient to rest the decision in the present case upon the broad principle announced in the first three cases which we have cited, which have not been overruled, we shall put it upon the principle which underlies the decision in a case more recent than any of those above mentioned (*Franklin* v. *State*, 85 *Ga.* 570), a principle the soundness of which we do not think can be successfully assailed, although there are some courts which do not recognize it. That principle, which we shall presently discuss, stated in general terms, is: where a person has been put in legal jeopardy of a conviction of an offense which is a necessary element in and constitutes an essential part of another offense, such jeopardy is a bar to a subsequent prosecution for the latter offense, if founded upon the same act.

If a man perpetrates the offense of assault and battery and by the same act commits the offense of assault with intent to commit a rape, the less offense is a part of the greater. The act involved in each case being the same, what would otherwise be but assault and battery, by reason of the felonious intent, becomes also assault with intent to commit a rape. The technical rule of the old common-law pleaders, that a misdemeanor is always merged into a felony when the two meet, and that therefore, upon an indictment for a misdemeanor the accused should be acquitted if the evidence shows the offense was a felony, and upon an indictment for a felony there should be an acquittal if the evidence shows the offense to have been only a misdemeanor, has long since been abolished in this State. Upon an indictment for assault with intent to commit a rape the accused can be convicted of assault and battery, or assault; and upon an indictment for assault and battery he may be convicted of a bare assault. Assault is an absolutely necessary element in and an essential part of each of the greater offenses. Without the commission of an assault, neither of the other offenses can be perpetrated. While the offense of assault and battery is not an absolutely essential part of the crime of assault with intent to commit a rape, yet it becomes a part of such greater offense if by the same act both offenses are committed. As a matter of fact, it is probably true that in a

great majority of the cases of assault with intent to commit a rape the offense of assault and battery is a part of the greater crime. So that both as a matter of fact and of law assault and battery may be a part of the crime of assault with intent to commit a rape. As a matter of law and of fact assault is always a part of such crime. Viewing the case in this light, the question presented for our consideration is, can the State divide one crime into its constituent parts, or several grades, and prosecute the perpetrator, separately, for each part, as a distinct and substantive offense? Can it, for the same act, first prosecute, convict and punish a man for assault, then prosecute, convict and punish him for assault and battery, and then again prosecute, convict and punish him for assault with intent to murder? Would not this be trying, convicting and punishing him three times for the same offense of assault and twice for the same offense of assault and battery? In the present case, suppose that the trial of the accused, in the criminal court of Atlanta, for the offense of assault and battery had resulted in a verdict of not guilty, could he afterwards be held to be guilty of assault with intent to commit a rape? If he could, the proposition necessary to be maintained might be stated this way: *whatever his intention was* in committing the act, *he did not commit an assault,* but *he did commit an assault with intent to commit a rape.* Clearly one branch of this proposition contradicts the other.

The question now under consideration was not involved in the case of *Blair* v. *State,* supra. For while the offense of selling liquor without a license and the offense of selling liquor to a minor without the written consent of his parent or guardian may be committed by the same act, neither of them is a necessary element in and an essential part of the other. A person can commit either without perpetrating the other. When he is prosecuted for either, he is in no jeopardy of being convicted of the other, or of being convicted of an offense which is an essential part of the other. But it is legally impossible to commit the offense of assault with intent to commit a rape without committing the offense of assault. The greater offense always includes the less. And, as we have seen, where in the

prosecution of an intent to rape battery is perpetrated as a part of the same act, both assault and battery and assault become component parts of the felony, and under an indictment for the highest offense there may be a conviction of either of the lower ones. We think that when a man has been tried for the offense of assault and subsequently, for the same act, tried for the crime of assault with intent to commit a rape, he has been twice put in jeopardy of a conviction for the same offense of assault, and the constitutional provision that "no person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial, after conviction, or in case of mistrial," has been violated. *Franklin* v. *State*, 85 *Ga.* 570, and authorities there cited; Moore *v.* State, 71 Ala. 370; Com. *v.* Arner, 149 Pa. St. 35; State *v.* Hatcher, 146 Mo. 641. Of course the principle upon which we base this decision does not hold good in a case where the State shows that the first prosecution was procured by the fraud, connivance or collusion of the defendant. 1 Bish. New Crim. L., § 1009, 2, § 1010, and cases cited.

4. The court erred in holding that the plea of former jeopardy did not allege a complete defense against the indictment.

*Judgment reversed. All the Justices concurring.*