## SMITH *v.* THE STATE.

1. A former acquittal of the charge of retailing spirituous liquor without license is not a good plea in bar of a prosecution for keep- ing open a tippling-house on the Sabbath day, although the evidence for the State be the same in both cases.
2. The evidence warranted the verdict, and there was no error in over- ruling the motion for a new trial.

Argued November 8, — Decided November 17, 1898.

Accusation of keeping open a tippling-house on the Sabbath day.   Before Judge Berry.   Criminal court of Atlanta.   Sep- tember term, 1898.

On September 18, 1898, Smith was convicted in the criminal court of Atlanta upon an accusation charging him with keeping open a tippling-house on the Sabbath day.   Upon the trial Dob- bins, a policeman, testified that, on Sunday, July 31, 1898; he gave Jessie Isaac a marked "quarter," and that she went, under his instructions, to a high fence in rear of defendant's house,

and called him out into the back yard and asked him for whisky; that defendant went into his house, and soon came out with a half-pint bottle of corn whisky and handed it to Jessie, and she gave the defendant the marked "quarter" and he gave her a nickel; that witness was concealed, and heard and saw all this, and that it all occurred in Fulton county; that witness at once took the bottle from Jessie, entered defendant's house and arrested him; that three men were found in the house; that defendant permitted witness to make a search of the house, and that he found some bottles and jugs with whisky in them in a dish-cupboard, also a bottle in a trunk. Jessie Isaac testified that she got the whisky from the defendant, as stated by Dobbins; that she told defendant that she was sick and wanted to buy some whisky; that she bought whisky there from the defendant one week before on a Saturday night. Rhodes testified that he was in defendant's house when he was arrested on Sunday, July 31, 1898, and took drinks there that day. Witness ordered four drinks; he drank rye whisky, others drank corn. Defendant poured it out of a bottle. Witness had been there once or twice on Sunday; was there when Jessie Isaac called defendant out and saw defendant deliver a bottle to her. Witness went there only on Sunday. Peek testified that he was at defendant's house on Sunday, July 31, 1898, and that he got no whisky from defendant on that day. "We had not been there long enough. I got one drink there before on a Sunday."

Defendant filed a plea of autrefois acquit. The record shows that on August 1, 1898, defendant was tried in the criminal court of Atlanta upon an accusation charging that, on July 31, 1898, in Fulton county, this State, he retailed whisky and other spirituous liquors without license; that on this former trial the State introduced the same witnesses as in the last trial; that their testimony was identical in both trials, and that defendant was acquitted in the first trial.

*John W. Cox* and *D. R. Keith,* for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

FISH, J. 1. One of the assignments of error in the motion for a new trial was that the court erred in failing to charge the

jury upon the plea of former acquittal.    We do not think there
is any merit in this exception.    The offenses of retailing liq-
uor without license and keeping open a tippling-house on the
Sabbath day are separate and distinct.    Neither of them is a
necessary element in and an essential part of the other.    Either
of them may be committed without perpetrating the other.    A
person prosecuted for either is in no jeopardy of being convicted
of the other, or of any offense which is an essential part of the
other.    The case of *Blair* v. *State,* 81 *Ga.* 629, is exactly in
point.    It was there held that "A former conviction of selling
liquor to a minor without the written consent of his parent or
guardian, even if properly pleaded, would not be good in bar of
a prosecution for selling liquor without license, though the act
of selling were the same in both cases."    See *Bell* v. *State,* 103
*Ga.* 397.    It may be noted that in *Minor* v. *State,* 63 *Ga.* 319,
it appears that Minor was tried for keeping open a tippling-
house on the Sabbath day, and also for retailing liquor without
license, and was convicted in both cases.    The point that he
could not be convicted of both offenses appears not to have been
made.

2. Complaint was made that the verdict was contrary to the
evidence.    Whether defendant's house was a tippling-house on
Sunday, July 31, 1898, and was kept open on that day, were of
course questions to be determined by the jury, from all the facts
and circumstances of the case.    If it was really a tippling-
house at that time, although it may have just begun its existence
as such, and if defendant kept it open on that day, he was guilty
of a violation of the statute.    The evidence was that on that
Sunday the house was kept open, and that several persons were
tippling therein.    Rhodes testified, "I took drinks there that
day.    Ordered four drinks.    I drank rye whisky, others drank
corn.    Defendant poured it out of a bottle."    This testimony
was uncontradicted. · The defendant, in his statement, simply
said:    "I sold that whisky to Jessie Isaac on Sunday, July 31,
1898.    She said she was sick and needed it.    Those men wit-
nesses were never there before Sunday, July 31, 1898.    I did
not run any tippling-house."    There were a number of jugs and
bottles of whisky found in defendant's cupboard.    Jessie Isaac

bought some whisky there on Saturday night, a week before July 31, 1898, and a half-pint on the last-named day. Rhodes swore that he had been there once or twice on Sunday, and went there on Sunday only. It is true he did not state the purpose of his visits, but he was tippling there on July 31. Peek testified: "I had got no whisky from defendant on July 31, 1898. We had not been there long enough. I got one drink there before on a Sunday." We think the jury could infer from the testimony of these witnesses and the surrounding circumstances that the house was a tippling-house. The verdict therefore was not contrary to the evidence.

*Judgment affirmed. All the Justices concurring, except Simmons, C. J., and Lumpkin, P. J., absent.*