## McINTOSH *v.* THE STATE.

An acquittal under an indictment charging the accused with the offense of using
　obscene and vulgar language in the presence of a female will not operate to
　bar a prosecution for using opprobrious words and abusive language to and
　of another, even though both indictments related to the same act.

Argued October 22,—Decided November 12, 1902.

　　Indictment for misdemeanor.　Before Judge Barrow.　Chatham
superior court.　July 19, 1902.

　　*W. F. Slater*, for plaintiff in error.
　　*W. W. Osborne, solicitor-general*, contra.

　　Cobb, J.　The accused was placed on trial upon an indictment
charging him with using opprobrious words and abusive language

to and of one C. S. Waters, on the 31st of April, 1902. He filed a special plea of former jeopardy. There was a finding against him on this plea. He then pleaded not guilty, and there was also a finding against him on this plea. The case is here upon a bill of exceptions assigning error upon the judgment overruling a motion for a new trial. While the record contains several assignments of error upon rulings made during the trial, the only assignments of error insisted on in the brief of counsel are those which complain of the finding against his special plea of former jeopardy.

It appears that, prior to his arraignment on the indictment in the present case, the accused had been tried in the city court of Savannah upon an accusation charging him with having, on the 31st day of April, 1902, used obscene and vulgar language in the presence of females on a street-car, and that the trial on this accusation resulted in an acquittal. It appears, from the evidence introduced on the trial of the issue framed upon the special plea, that C. S. Waters was the conductor of a street-car, and that the accused had used to him opprobrious words and abusive language while on the car; that he then left the car, and, when on the ground, again used language of a similar nature; that what occurred on the car and on the ground constituted one continuous transaction lasting about two minutes; and that the occurrence in which the opprobrious words were used was under investigation in the trial in the city court. It is to be determined whether under this state of facts the acquittal in the city court operates as a bar to a prosecution under the present indictment. An indictment for using obscene and vulgar language in the presence of females does not charge the same offense as an indictment which charges one with having used opprobrious words and abusive language tending to cause a breach of the peace. The offenses are separate and distinct. While both offenses are made penal by the same section of the Code (Penal Code, § 396), they are no less separate and distinct offenses. A person may in one transaction so conduct himself as to be guilty of both of these crimes. If one uses to and of another opprobrious words and abusive language which is obscene and vulgar, and this is done in the presence of a female, both offenses are committed, though there is only one transaction. In such a case the rule in *Blair's* case, 81 *Ga.* 629, is to be followed. It is there said that if the evidence required to convict under the first indictment would

not be sufficient to convict under the second, without proof of an additional fact which was necessary to constitute the offense, former jeopardy could not be pleaded in bar of the second indictment. See also *Smith* v. *State*, 105 *Ga.*724; *Copenhaven* v. *State*, 15 *Ga.* 264. One who uses vulgar and obscene language in the presence of a female is guilty of a violation of law, whether that language is used to or of another or not. To constitute the offense of using opprobrious words and abusive language, even where the language used is also obscene and vulgar, it is essential to a conviction that the language must be used to and of another and in his presence. A conviction could have been had, under the accusation in the city court, upon evidence which would not have authorized a conviction under the indictment in the superior court. That part of the transaction which could have been properly investigated under the accusation was not necessarily involved in the investigation under the indictment. In that trial it was wholly immaterial whether the language was obscene and vulgar or whether it was used in the presence of a female. The finding against the plea of former acquittal was proper. See, in this connection, *Gully* v. *State*, 116 *Ga.* 527.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*