### 13115.   MORGAN *v.* THE STATE.

1. Under some circumstances a person could be guilty of manufacturing intoxicating liquors without having the liquors in his possession or control. It follows, that upon the trial of one charged with possessing intoxicating liquors, a plea of autrefois convict, setting up that a few days before the call of the case, and during " the present term of this court," the accused had been convicted of the offense of manufacturing intoxicating liquors, and that the court had jurisdiction of the crime and of the person, and that the charge against him of manufacturing intoxicating liquors, upon which he had been convicted, and the present charge of possessing such liquors, are based upon the same facts and grew out of one and the same transaction, and that the lesser offense of possessing intoxicating liquors was merged into the greater offense of manufacturing such liquors, is insufficient in law and is not a good plea of autrefois convict.

2. It was not error for the court to admit in evidence upon the trial of this case the defendant's statement made to the jury in his trial in a previous case where he was charged with manufacturing whisky, the statement being read by the official stenographer of the court from his notes and without being sworn. This evidence was relevant, and was not inadmissible for any reason assigned. The proper construction of the ground of the motion for a new trial which complains of the admission of this evidence shows that it (the statement of the defendant) was objected to because it was not sworn testimony, but that no objection was made on the ground that the stenographer himself was not sworn before he read the statement to the jury.

3. The excerpt from the charge of the court, complained of in the motion for a new trial, was not error for any reason assigned.

4. The evidence amply authorized the conviction of the accused, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 8, 1922.

Indictment for making liquor; from Bulloch superior court —
Judge Strange. November 10, 1921.

W. F. Slate, F. B. Hunter, for plaintiff in error.

A. S. Anderson, solicitor-general, contra.

BROYLES, C. J. The defendant was indicted for possessing in-
toxicating liquors. Upon the call of the case, and before plead-
ing or arraignment, he filed a plea of former jeopardy, in which he
alleged, in effect, that on August 17, 1921, and during " the pres-
ent term of this court," he was tried and convicted of manufac-
turing the same liquors which he is now charged with illegally
possessing, and that both of the alleged offenses grew out of one
and the same transaction, and that the lesser offense of possessing
intoxicating liquors was merged into the greater offense of man-
ufacturing them. Upon motion of the State this plea was stricken
as being insufficient in law.

1. The question first ruled upon is, whether a person can be
lawfully convicted of manufacturing intoxicating liquors, and
subsequently be prosecuted for controlling or possessing the same
liquors? This question, so far as we have been able to ascertain,
has never been directly passed upon in any judicatory. However,
the Supreme Court in Bell v. State, 103 Ga. 397 (30 S. E. 294,
68 Am. St. R. 102), cited and relied upon by counsel for the plain-
tiff in error, made certain broad and general rulings which we
think are in principle controlling upon the question. It was there
held, in effect, that where one had been convicted of an offense, he
could lawfully be prosecuted for another offense, if neither of them
was a necessary element in and an essential part of the other, or, in
other words, if either offense could be committed without per-
petrating the other. And, in our opinion, this is the true criterion
by which this question should be adjudicated. This is also the
view taken of the question by counsel for the plaintiff in error,
and they plant their case squarely upon the contention that it is
impossible for a person to physically manufacture intoxicating
liquors without having the liquors in his possession. A little re-
flection will refute this contention. Under the laws of this State,
any person who is present at a distillery, aiding and assisting an-
other in making whisky, is himself guilty of manufacturing whisky,
although he may have no interest whatever in the distillery or the
whisky, and may have no possession or control of the whisky. As

an illustration, suppose A, the owner of a distillery, and of all the corn, meal, mash, etc., from which the whisky is made, gives B two dollars a day to cut wood at the distillery and to keep up the fire in the still while the whisky making is going on, and suppose further that A is present at the distillery at all times while B is there, and that A at all times has the exclusive custody, possession, and control of the whisky and the ingredients from which it is made, B never touching the ingredients or the whisky, and having no interest whatever in them, and doing no work except to cut wood and keep up the fire. It is clear that while B would be guilty of manufacturing whisky, he would not be guilty of having the whisky in his possession or control.

It follows that the plea of autrefois convict in the instant case, which in effect merely alleged that a person· could not be guilty of manufacturing whisky without also being guilty of possessing the whisky, was properly stricken as being insufficient in law.

2. The other rulings stated in the headnotes do not require elaboration.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*