1. In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment is the same as a matter of fact as that charged in the first indictment under which he was put in jeopardy. In addition to pleading and proving that the transaction is the same as a matter of fact, it is also necessary to plead and prove: either (a) that the transaction charged in the second indictment is an offense which is identical in law with that charged in the first indictment, or else that under the actual terms of the first indictment proof of the second offense was made necessary as an essential ingredient of the offense as first charged; or (b) that the transaction charged in the second indictment is an offense which represents either a major or minor grade of the same offense, of which the defendant might be convicted under an indictment for the major offense; or (c) where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within the scope of the preceding subsections (a) or (b), he may nevertheless, under the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge.
2. If the State, instead of demurring to a plea of former jeopardy, so as to give the allegations of fact a constructive verity (Lock v. State, 122 Ga. 730 (2), 50 S.E. 932; Burnam v. State, 2 Ga. App. 395, 396, 58 S.E. 683), files a traverse denying such allegations, the burden of proving them falls on the defendant; and unless the identity of the offenses as a matter of fact appears from the record of the two cases, it must be shown by other evidence. Sweeney
v. State, 16 Ga. 467, 468; Gully v. State, 116 Ga. 527, 530 (42 S.E. 790); Mance v. State, 5 Ga. App. 229
(62 S.E. 1053).
(a) On a first indictment charging the defendant with the murder of a named person on a stated day in a stated county, the defendant was acquitted. A second indictment charged him and another person as principals, and two others as accessories before the fact, with robbery by open force and violence in taking a pocket-book from the same person on the same day and in the same county as charged in the previous indictment for murder. The plea of former acquittal alleged that the facts and circumstances in both cases constituted the same transaction, and sufficiently set forth the previous determination of the actual controlling issue in the former trial. But under the immediately preceding rule, and the traverse by the State of the averments in the plea, the court did not err in directing a verdict against the plea, since the defendant, although introducing the two indictments, the previous verdict of acquittal, and a brief of the evidence in the former trial for murder, did not show that the robbery for which he was prosecuted under the second indictment was in fact the same transaction as that for which he was previously tried and acquitted. *Page 110 
(b) "Where a defendant is tried and acquitted of an offense, and thereafter . . is again accused of a crime of the same general denomination, and files, upon the second trial, a special plea that the previous prosecution was for the same transaction and offense as that for which he is about to be tried, and the State takes issue on the plea, and a verdict is rendered against the plea, the State is estopped, on the trial of the case in chief, from relying, for a conviction, upon any transaction which might legally have been investigated and adjudicated under the former prosecution." Mance v. State, Lock v. State, supra. If the defendant on the trial of his plea had shown the facts developed in the trial of the main robbery case, he would have been entitled to prevail under the rule in subdivision (c) of headnote 1. Accordingly, where the State, without questioning the legal sufficiency of the plea, by its traverse in effect only took the position that the facts and circumstances charged in the two cases were not the same as a matter of fact, and that as a matter of fact
no controlling issue existed in the murder trial which would also exist in the robbery trial, and on which the acquittal of murder would preclude a conviction of robbery, the State, by this position, estopped itself from introducing evidence to the contrary. Upon the objection by the defendant to the robbery testimony on the ground of estoppel, and exception taken to its admission, all the evidence in the two trials, including this testimony, must be considered. On such consideration, the admission over objection, in the robbery trial, of the testimony, which must necessarily have raised the controlling issue and determined the verdict of acquittal in the former trial, was erroneous, since, under the doctrine of res judicata and the principle of estoppel, the State could not use such testimony to again litigate the controlling issue already determined.
3. The preceding rulings being controlling, other exceptions are not considered.
 No. 13771. NOVEMBER 11, 1941.
At the February term, 1939, the grand jury of Glascock County returned an indictment for murder against John Sherman Harris, in that he did in that county, on December 17, 1938 "with force and arms . . unlawfully, and with malice aforethought, kill and murder one Clellian Chalker . . by then and there shooting him with a certain firearm . . and thereby inflicting upon [him] a mortal wound." After a judgment of conviction was reversed (Harris v. State, 188 Ga. 745, 4 S.E.2d 651), and a change of venue was ordered, the defendant, on November 28, 1939 was tried in Taliaferro County and acquitted on this indictment.
At the February term, 1940, the grand jury of Glascock County returned an indictment charging John Sherman Harris and Jim Davis as principals, and Roger Harris and Hardwick Harris as *Page 111 
accessories before the fact, with robbery by open force, in that John Sherman Harris and the other principal did in Glascock County, on December 17, 1938, "with force and arms . . unlawfully, feloniously, wrongfully, and fraudulently and violently by open force and violence and by intimidation, take and carry away from the person of Clellian Chalker, without [his] consent, . . and with intent to steal the same," a described pocket-book of a stated value with its contents, the value and a description of the contents being unknown. In a trial of John Sherman Harris in Glascock County under this last indictment, on February 20, 1941, he was found guilty and given a sentence of ten to twenty years imprisonment.
Before a trial of the present case for robbery, he filed a plea designated as one of former jeopardy, and made a "profert of a brief of the evidence used" in the previous trial for murder "to show that both indictments involved the same transaction." The plea set forth that "the facts and circumstances in each" of the two cases and indictments "involved the same transaction;" that the previous indictments for murder "involved the same facts, circumstances, and transactions as charged in the indictment" for robbery by open force. The plea further stated that to put the defendant on trial for the second charge, "dependent upon the same circumstances, and growing out of the same transaction as the murder for which he was indicted, tried, and acquitted," was jeopardy in violation of the State constitution (Code, § 2-108), and a denial of his rights under the fourteenth Federal amendment requiring due process of law (Code, § 1-815); that the State having previously indicted him for murder "upon a given state of facts, and upon trial thereof" he having been acquitted, the State "can not now proceed under a second indictment alleging precisely the same state of facts, and charging commission of a crime upon the same person alleged to have been murdered, designating it by another name;" that "the criminal acts complained of in the indictment for robbery grew out of the same transaction as the murder grew out of;" and that "the State, having made its election as to the nature and character of the effense for which it would prosecute this defendant upon a given state of facts, whereupon he was acquitted, it can not now prosecute him for the same criminal acts." The plea also set forth that "the indictment *Page 112 
charging defendant with murder necessarily charged him with a crime that had force as one of its constituent elements, in that it charged" him with killing by force and arms the person named by "shooting [him] with a certain firearm," and the indictment for robbery also charged him "with a crime that had force as one of its elements" against the same person, in the same county, and on the same day, all of which "became one and the same transaction, and the lesser offense of robbery became a part of the greater offense of murder; and when this defendant wasacquitted under the indictment charging him with the murder . .this necessarily included the lesser offense of robbery by force upon him," the person named, and the defendant "can not now be tried for a second time for the same offense without denying to him the right guaranteed to him" under the Federal and State constitutions as set out above.
The State did not demur to the plea, but filed a traverse denying the averments of fact. On a trial of this special issue the defendant introduced copies of the two indictments and a brief of all the testimony given in the previous murder trial. This included testimony that at the time of the murder the deceased was being robbed. However, there was no testimony to connect the two indictments and show that the robbery for which the defendant was about to be tried under the second indictment charging robbery was in fact the same as that which was proved in the former trial for murder, and that the transaction was the same under both indictments. The court directed a verdict against the plea. The defendant excepted pendente lite, and assigns error on these exceptions.
The State, in proving its case under the robbery indictment, offered testimony by several witnesses relating to the robbery, which reiterated essential testimony given in the former murder trial. The defendant objected to its admission, on the grounds that the State was estopped form offering it by its position taken on the plea of former jeopardy; that having traversed the plea, and having contended that the facts and circumstances of the two indictments were not the same, the State could not take an inconsistent position, and use the same witnesses who testified to the same thing as in the previous murder trial, in proving that the defendant was guilty of robbery, "when he took the position that *Page 113 
he was not guilty of robbery on the other trial;" and that this testimony, which was read to the jury on the trial of the plea of former jeopardy, was the same as that in the murder trial. In this ground of his motion for new trial he contends, that such testimony, which was admitted in the present robbery trial, and is shown in the evidence included in this ground, was a reiteration of what was introduced in the previous murder trial; that this testimony showed it had "reference to the same transaction as that out of which the murder grew, and had beenthe subject-matter of investigation and judgment in the former case;" and that without this testimony the defendant could not have been convicted in the present trial.
With regard to the relation of the robbery to the murder and the contentions of the State with reference thereto, it appears that a fair statement of the evidence adduced at the murder trial is summarized in the brief for the State in this case, as follows: The deceased mentioned in the two indictments, "a young merchant, . . was robbed and killed while on his way home from work on the night of December 17, 1938, at a place on the road directly in front of a house in Glascock County occupied by" the defendant and his mother; that a then "unidentified man was seen at the [defendant's] home at an early hour . . the day the homicide was committed; that this unidentified man was seen in the company of [the defendant] during the day; that some time after 10 o'clock that night [the defendant] reported to the officers . . that [the deceased] was being held up on the road near [the defendant's] home, and that one of the officers shot at an unidentified man near the scene of the crime, the last trace of this unidentified man being found near the [defendant's] home;" that "a car resembling the automobile of the defendant . . was near the scene when the first and fatal shot was fired;" and other evidence tending to connect the defendant with the homicide. It appears that in the murder trial the State introduced other testimony, that on the night of the homicide the deceased merchant counted his cash and put it in his billfolder in the presence of the defendant; that it was about eleven o'clock when the defendant reported to town officers that the deceased "was being held up and robbed just the other side of the road turning up to [defendant's] house," and reported that the man who was holding up the deceased *Page 114 
"throwed a gun on him and told him to stay away from where he was or he would kill" the defendant; that witnesses went in the defendant's car to the scene, and shot at a white man at the scene where the deceased had been shot; that the tracks of the man went toward the defendant's house; and that no bills were found in the pockets of the deceased when he was found.
The evidence at the present robbery trial, relating particularly to the robbery and its connection with the murder, is also fairly summarized in the brief for the State, as follows: that the other principal, who was joined with the defendant in the present robbery indictment, "a confessed conspirator, was kept at the [defendant's] home the day before the robbery, being in the company of the defendant;" that the defendant was seen going about nightfall in the direction of where the robbery occurred; that "the defendant was seen in the store of the deceased while [the deceased] was counting his money . . a short time before he was killed and robbed;" that "the defendant of necessity closely followed [the deceased] when he started home, because he reported to the sheriff a few minutes after . . that [the deceased] was being held up and robbed;" that "after the first shot was heard, . . a car resembling that of the defendant was seen to drive off from beside the car of the deceased, forcing the conclusion that [the deceased] had already been robbed and killed when the crime was reported to the sheriff;" that a man who flashed a light and was shot at by the officers was "tracked close to the [defendant's] home;" and that "the coroner examined the body of the deceased and found no pocket-book," but the identified pocket-book was later found in a railroad-car.
Something might properly be said in elaboration of the rulings in the 1st headnote. This court has several times observed that confusion exists in its decisions with reference to the test for determining former jeopardy. SeeIngram v. State, 124 Ga. 448 (52 S.E. 759). The constitution of this State (Code, § 2-108) provides that "no person shall be put in jeopardy of life, or liberty, more than once for the same offense." This was the *Page 115 
rule at common law, and the principle has been embodied both in the Federal constitution and the constitutions of the several States of the union. 22 C. J. S. 369. In determining whether a person is being put in jeopardy more than once for the same offense, the courts of the country have sought to clarify the general terms of the inhibition, and in doing so many have applied either one or the other of two illustrative rules or tests. The first is known as the "same-evidence" test; the other being known as the "same-transaction" test. While these two illustrative tests overlap, they do not appear to be identical in scope and effect. The first of these tests, that is, what is known as the "same-evidence" test, can be defined as follows: If the same evidence necessary to convict of the one charge would have been sufficient to convict of the other, there would be former jeopardy; but under this rule, if an essential ingredient or necessary element or some additional fact be required in order to convict of either of the two offenses, which is not required to convict of the other, there is no former jeopardy. 15 Am. Jur. 54-56, § 380; 22 C. J. S. 416-418, § 279; and citations in those texts. This is true even though some or much of the evidence necessary in the one case may have been necessary or relevant in proving the other. Johnson v. State, 36 Ga. App. 108
(135 S.E. 519); Veasy v. State, 4 Ga. App. 845 (62 S.E. 561);Howell v. State, 28 Ga. App. 501 (111 S.E. 676); Collier
v. State, 8 Ga. App. 371 (2) (69 S.E. 29); Morgan v.State, 28 Ga. App. 358 (111 S.E. 72); 92 Am. St. R. 107, 108, note and cit.; 22 C. J. S. 418, and cit. Most of the courts which have accepted the "same-evidence" rule have recognized its inadequacy to meet all possible contingencies, and have applied what amounts to certain exceptions or qualifications. 22 C. J. S. 414, 418, §§ 278, 279. One exception, which appears to have been universally adopted, under this rule and under all rules, is where the previous trial was for a major offense, but where under the indictment in that case the defendant could have been convicted of the minor offense charged in the second indictment.Watson v. State, 116 Ga. 607 (1-4) (43 S.E. 32, 21 L.R.A. (N.S.) 1; Peters v. State, 177 Ga. 772, 774
(171 S.E. 266), and cit.; 15 Am. Jur. 63, § 388; 22 C. J. S. 424, § 283 (a); 92 Am. St. R. 109, 110, note C (1-3). Under the principle of election on the part of the State, the courts that apply the same-evidence test, as well as the other rule, hold *Page 116 
almost with unanimity that the same result obtains where the defendant is tried first for the minor offense, and is afterwards indicted for the major offense. Holt v. State, 38 Ga. 187,190; Franklin v. State, 85 Ga. 570 (11 S.E. 876); Bell
v. State, 103 Ga. 397 (2, 3), 402 (30 S.E. 294, 68 Am. St. R. 102); Jones v. State, 55 Ga. 625 (3); 15 Am. Jur. 58, 60, §§ 382, 386; 22 C. J. S. 425, § 283 (b); 92 Am. St. R. 111-113, 117; 1 Wharton's Crim. Law 12th ed., 533, 534, § 394, and cit. Thus, under the same-evidence test or any test, where an indictment for the major crime would in effect include an indictment for the lesser crime, the mere fact that additional proof of some additional element would be required in either one of the cases would not preclude a plea of former jeopardy; and this is true irrespective of which charge may be first tried. See, in this connection, Bell v. State, supra; Banks v.State, 150 Ga. 73 (102 S.E. 519); 22 C. J. S. 416, 418, 419. It appears that the necessity for engrafting the various exceptions upon the original abstract statement of the same-evidence rule has caused the courts of some States, including this State, to repudiate its efficacy as a sound and controlling test. They have therefore sought some other more definitive rule, and, in so doing, have adopted what is known as the "same-transaction" test. Roberts v. State, 14 Ga. 8, 11
(58 Am. D. 528, note, 536-549); Copenhaven v. State, 15 Ga. 264,266; Holt v. State, 38 Ga. 187, 189, 190; Jones v.State, 55 Ga. 625 (3), 626; Bell v. State, 103 Ga. 397
(supra); Gully v. State, 116 Ga. 527, 529 (supra); Ingram
v. State, 124 Ga. 448 (52 S.E. 759); 92 Am. St. R. 108, note (2); 22 C. J. S. 427, 428, § 285. This latter rule, however, hardly amounts to more than a general statement of the fundamental requirement, that, in order to support a plea of former jeopardy, the two acts shall have been the same in both cases, and goes little if any further than the language of the constitution itself. In the language of the constitution, the question is, what is the "same offense?" In the language of the same-transaction?" test, the question is, what constitutes the "same transaction?" Accordingly, it can be said that, just as the "same-evidence" test as stated in general terms is inadequate and therefore inaccurate, a general statement of the "same-transaction" test, while sound and more comprehensive, itself lacks the much to be desired element of being definite and specific. It therefore appears that this court in *Page 117 
numerous decisions, although recognizing as controlling the "same-transaction" test, in its effort to elucidate what in fact constitutes the same transaction, has nevertheless applied elements pertaining to the "same-evidence" rule; and in doing so has recognized the generally approved principle, that, in order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law. Franklin v. State,85 Ga. 570, 573 (supra); McIntosh v. State, 116 Ga. 543,544 (42 S.E. 793); Smith v. State, 105 Ga. 724, 726
(32 S.E. 127), and cit.; Blair v. State, 81 Ga. 629, 631
(7 S.E. 855); Bryant v. State, 97 Ga. 103, 105 (25 S.E. 450);Pat v. State, 116 Ga. 92 (42 S.E. 389); Gully v.State, supra. See 15 Am. Jur. 53, § 380; 22 C. J. S. 414, 415, § 278; 92 Am. St. R. 104, note (a).
The question as to whether the transaction was the same as a matter of fact can hardly be said to admit of much elucidation. It is true that this question may arise in the class of cases involving an offense which in its very definition and essential nature is continuous in character. In dealing with the question as to whether the offense be of that character, it is sometimes necessary to distinguish between one continuous, uninterrupted single act and a series of distinct and separate acts. SeeMorgan, v. State, 119 Ga. 964 (3), 966 (47 S.E. 567);Crocker v. State, 47 Ga. 568, 570; Johnson v. State,65 Ga. 94 (2), 99; Lunsford v. State, 60 Ga. App. 537 (2), 544 (4 S.E.2d 112); Fews v. State, 1 Ga. App. 122 (2), 125 (58 S.E. 64); Burnam v. State, 2 Ga. App. 395, 396
(58 S.E. 683); 15 Am. Jur. 56, § 381; 22 C. J. S. 420-422, § 281. It is also true that the question of identity in fact may be involved in that class of cases where the State by the generality of the indictment may not be confined to proof of any specific date or transaction within the period of limitation, with the result that a prosecution for a particular crime will usually operate as a bar for any such offense committed within the period of limitation previously to the indictment. Craig v. State,108 Ga. 776 (2) (33 S.E. 653); Bryant v. State, 97 Ga. 103,104 (supra); Webb v. State, 13 Ga. App. 735
(80 S.E. 14); Hudgins v. State, 22 Ga. App. 242 (95 S.E. 875);Mills v. State, 35 Ga. App. 471 (2, 3) (134 S.E. 141); 22 C. J. S. 419, § 280. With the exceptions just noted, it would seem that the question as to whether the transaction charged in the second indictment is the *Page 118 
same in fact as that charged in the former indictment is to be tried and determined as a simple question of fact under the plea of former jeopardy. Generally it is plain that the two alleged transactions are either identical as a matter of fact or they are not; and no useless legal elaboration could be profitable.
Whether under a given state of identical facts the two transactions are the same as a matter of law presents a different and sometimes more difficult problem. Under the general principle of the same-transaction test, the plea is ineffective if the offenses charged in the two indictments, though relating to the identical transaction, are legally separate and distinct. The courts of this State and the text-writers have recognized that a single act may constitute two or more distinct and separate offenses. McIntosh v. State, 116 Ga. 543, 544 (supra);Smith v. State, 105 Ga. 724, 726 (supra); Blair v.State, 81 Ga. 629 (2, a) (supra), Veasy v. State, 4 Ga. App. 845
(supra); Morgan v. State, 28 Ga. App. 358
(111 S.E. 72); Vellis v. State, 28 Ga. App. 468 (111 S.E. 683);Collier v. State, 8 Ga. App. 371 (2) (69 S.E. 29);Johnson v. State, 36 Ga. App. 108 (135 S.E. 519); 22 C. J. 422, 428, §§ 282, 285. Accordingly, even where the two transactions are the same in fact, it is also necessary for the defendant to plead and prove: either (a) that the transaction charged in the second indictment is an offense which is identical in law with that charged in the first indictment, or else that under the actual terms of the first indictment proof of the second offense was made necessary as an essential ingredient of the offense as first charged; or (b) that the transaction charged in the second indictment is an offense which represents either a major or minor grade of the same offense, of which the defendant might be convicted under an indictment for the major offense; or (c) where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within the scope of the preceding subsections (a) or (b) of headnote 1, he may nevertheless, under the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge.
The record in this case shows that the defendant was first tried *Page 119 
for murder in a transaction where the victim was also robbed, and that the defendant was last tried for robbery in the identical transaction where the victim was murdered. Under the preceding rules as well as under the weight of authority, the two offenses are not identical as a matter of law. State v. Moore,326 Mo. 1199 (33 S.W.2d 905); Warren v. State, 79 Neb. 526
(113 N.W. 143); Commonwealth v. Crecorian, 264 Mass. 94 (162 N.E. 7); Duvall v. State, 111 Ohio, 657 (146 N.E. 90); State v.
Elder, 65 Ind. 282 (32 Am. R. 69); People v. Coltrin,5 Cal.2d 649 (55 P.2d 1161, 1167); State v. Empey, 65 Utah 609
(239 P. 25, 44 A.L.R. 558, 564, notes); 31 L.R.A. (N.S.) 693; 22 C. J. S. 45, § 295 (e). Nor did the terms of the indictment for murder as drawn make proof of robbery an actual ingredient of the crime of murder. Roberts v. State, 14 Ga. 8,13 (supra); Copenhaven v. State, 15 Ga. 264, 265;Polite v. State, 78 Ga. 347; Brown v. State, 90 Ga. 456
(16 S.E. 204). See also cases in States where a statute has made one crime an essential ingredient of the other, although not strictly a major or minor degree of the same offense: State v.
Mowser, 92 N.J.L. 474 (106 A. 416, 4 A.L.R. 695, 702, notes); State v. Cooper, 13 N.J.L. 361 (25 Am. D. 490); People v. Miccichi, 264 Mich. 581 (250 N.W. 316); 15 Am. Jur. 61, § 386. Accordingly, the plea does not fall within the rule stated in subdivision (a) of headnote 1 and the preceding paragraph of this opinion. Since under our law a conviction for robbery could not have been had under the former indictment for murder, neither does the plea fall within subdivision (b) of headnote 1 and the preceding paragraph of this opinion. It does appear, however, to come squarely within the rule related to the principle of res judicata, stated in subdivision (c) of headnote 1 and the preceding paragraph of the opinion.
The principle of res judicata, as embodied in subdivision (c) of headnote 1 and as stated in the opinion, does not appear to have been directly dealt with by any decision rendered by this court, although in many cases that principle seems to have been at least impliedly recognized, as in Buhler v. State,64 Ga. 504, and in Lock v. State, 122 Ga. 730, 733
(50 S.E. 932), where the court sustained the plea of former jeopardy on the theory that the issue raised under the second indictment had been actually tried and determined under the evidence submitted to support the first indictment. *Page 120 
However, the principle of res judicata, as before stated, seems to have been almost universally recognized by the courts that have actually encountered the question and made a decision thereon. The Supreme Court of Alabama, in Mitchell v. State,140 Ala. 118 (37 So. 76, 103 Am. St. R. 17), applied in a criminal case the rule of civil litigation, as follows: "A final judgment on the merits, determining any issue of law or fact after a contest over it, forever sets at rest and fixes it as a fact or as the law in any other litigation between the parties." See also U.S. v. Oppenheimer, 242 U.S. 85 (37 Sup. Ct. 68,61 L. ed. 161, 3 A.L.R. 516, 519); Jay v. State, 15 Ala. App. 255
(73 So. 137); Cooper v. Commonwealth, 106 Ky. 909
(59 S.W. 524, 45 L.R.A. 216, 90 Am. St. R. 275, note and cit.), also recognizing the principle as applicable in criminal cases involving the same defendant. The rule has been applied by the Supreme Court of the United States in quasi-criminal proceedings against the same defendant, who had been acquitted in a previous criminal case, as to the identical issue there adjudicated. Coffey v. U.S., 116 U.S. 436, 443, 444 (6 Sup. Ct. 437,29 L.ed. 684). See also State v. Meek, 112 Iowa, 338 (84 N.W. 3, 51 L.R.A. 414, 84 Am. St. R. 342); State v. Adams, 72 Vt. 253
(47 A. 779, 82 Am. St. R. 937, 938, 939); In re Gottesfeld,245 Pa. 314 (91 A. 494). It is interesting to note that one of the earliest formulations of essential principles of res judicata was made in a criminal case, the celebrated English decision of Rexv. Duchess of Kingston, 20 Howell's State Trials, 538 (2 Smith's Leading Cases, part 2, 8th ed., 734 [784]).
The text-book writers with unanimity appear to have recognized the principle as sound, and do not appear to consider that it is open to doubt or question. Freeman in his work on Judgments (5th ed. 1364, § 648) says that the effect of the former judgment "as res judicata . . is necessarily to a considerable extent lost sight of in the broader doctrine of former jeopardy. . . Even where the crimes charged are different, and a plea of former jeopardy therefore unavailable, a criminal judgment is res judicata of every matter determined by it, where the conditions essential to the operation of this doctrine are present. . . The previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated. . . Though the judgment under which an acquittal has been had charges an offense apparently *Page 121 
different from that charged in the second indictment, still the plea of former acquittal may be sustained by showing that the defendant could not have been guilty of the crime with which he is now charged without also being guilty of that of which he has been acquitted." Van Fleet in his work on Former Adjudication (vol. 2, 1242-1249, § 628) also says: "If there is a contest between the state and the defendant in a criminal case over an issue, I know of no reason why it is not res judicata in another criminal case." The same conclusion is expressed by other text-writers. 15 Am. Jur. 45, § 367; 34 C. J. 969, § 1386.
In the former trial for murder there was not the slightest pretense of justification on the part of the defendant. The whole contention in that case centered upon the one single question whether the defendant participated with another in the murder and robbery of the deceased. If he did, he was necessarily guilty of murder. By acquitting him the jury necessarily found that he did not participate in the transaction. This was the sole issue that was tried and determined. It is now sought, after such a solemn determination, to test again the same issue, and to undo the necessary effect of the former judgment by adjudicating that the defendant did in fact participate in the robbery and murder, from which the jury has already absolved him. Since it indisputably appears that the defendant could not be guilty of the present charge without also being guilty of the crime of which he has been tried and acquitted, he can not now be put in jeopardy for the purpose of again adjudicating the issue which has already been determined in his favor.
It is not meant herein to declare, as a part of the governing rule, that merely because evidence of robbery was included in the first trial, a conviction of murder therein would have been conclusive of his guilt of robbery by force in a subsequent trial on an indictment charging robbery by force and intimidation. Under this record no such question is involved.
Judgment reversed. All the Justices concur, except
ATKINSON, P. J., and DUCKWORTH, J., who dissent only from the ruling in subdivision (b) of par. 2 of the headnotes, and from the judgment of reversal. *Page 122