## CRAIG *v.* THE STATE.

SIMMONS, C. J.   1.   An affidavit for the purpose of bringing to this court in forma pauperis a bill of exceptions alleging no error save the overruling of a motion for a new trial can not be properly made in the trial court until after the rendition therein of the judgment denying the motion. The execution of such an affidavit before the rendition of the judgment excepted to will not relieve the plaintiff in error from the payment of the costs, and this is so for the reason that there is nothing upon which a pauper affidavit thus prematurely filed can lawfully operate.

2.   Where one is placed upon trial on a presentment by the grand jury charging him with the offense of unlawfully selling spirituous and intoxicating liquors, without charging any particular person to whom such sale was made or specifying any particular occasion on which it took place, the accused is thereby placed in jeopardy for unlawfully selling such liquors to any person within the period of the statute of limitations.   It follows that when the accused has, upon such trial, been acquitted of the offense charged and is again placed on trial on another presentment of the grand jury charging the same offense in identically the same language, it is error for the court on general demurrer to strike the plea of autrefois acquit filed by the accused and based upon these facts.   *Bryant* v. *State*, 97 *Ga.* 103, 105.

3.   It sufficiently appears from the record that there was attached to the accused's plea of autrefois acquit a copy of the presentment upon which he was first tried and acquitted.

4. Where the judge, in a certificate to exceptions pendente lite, orders that the same be filed in the office of the clerk of the court and become a part of the record in the case as provided by law in such cases, the clerk is thereby authorized to enter upon the minutes such exceptions pendente lite, without any further order of the court so directing.

*Judgment reversed. All the Justices concurring.*

Argued March 20,—Decided May 31, 1899.

Indictment for selling liquor. Before Judge Fite. Bartow superior court. January term, 1899.

*James B. Conyers,* for plaintiff in error. . ·
*Sam P. Maddox, solicitor-general,* by *Albert S. Johnson,* contra.