### 821.  FORT *v.* THE STATE.

POWELL, J.  There was evidence of the defendant's guilt.  The exception to the charge is not meritorious.                *Judgment affirmed.*

Accusation of carrying concealed weapon, from city court of Americus—Judge Crisp.   October 10, 1907.

Submitted December 9,—Decided December 20, 1907.

*Allen Fort & Son,* for plaintiff in error.

*Zach Childers, solicitor;* contra.

---

### 828.  NORWOOD *v.* THE STATE.

HILL, C. J.  Where a plea of former acquittal is filed, but the defendant goes to trial on the case in chief without further invoking any action of the court in reference thereto, such plea is properly treated as abandoned.

2. An accusation charging the defendant with the offense of "stabbing another," in violation of section 112 of the Penal Code, alleged that the instrument used in perpetrating the offense was a pair of scissors. *Held,* that it was within the intellectual capacity of the jury, aided by their common knowledge and experience, to determine whether a pair of "scissors" was an "instrument of the like kind" with "a sword, dirk, or knife." The jury would know, without extraneous evidence, that scissors were "a cutting implement, consisting of a pair of blades with handles."

3. The "act of stabbing another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife, or other instrument of the like kind, shall be punished as for a misdemeanor." The city court of Griffin has jurisdiction of such an offense, in the absence of additional allegations or proof showing the act of stabbing to be a felony. No error of law was committed, and the evidence fully warranted the verdict.                *Judgment affirmed.*

Accusation of stabbing, from city court of Griffin—Judge Hammond.   September 24, 1907.

Argued December 10,—Decided December 20, 1907.

*Thomas W. Thurman,* for plaintiff in error.

*William H. Beck, solicitor,* contra.