### 4664.   WEBB *v.* THE STATE.

1. Where one is put on trial under an indictment charging him with a misdemeanor, he may be convicted if the proof shows the commission of the offense at any time within the two years preceding the finding of the indictment. It follows that where one acquitted of a misdemeanor is subsequently put on trial under an indictment charging the same character of misdemeanor, under which indictment proof can be made of the commission of the offense at a time within the period covered by the former indictment, and evidence which would support a conviction under the second indictment would have been sufficient to convict under the first indictment, a plea of former jeopardy, setting up these facts, should not be stricken on demurrer.

2. In such case it is not within the power of the court to deprive the accused of the full and free exercise of the rights accruing to him under a plea of former jeopardy, by requiring him to be tried upon an agreement that the court will limit the range of the evidence against him.

3. A plea that the accused had been tried and acquitted for furnishing liquor to a minor constituted no bar to a subsequent prosecution for selling liquor illegally.

4. A ground in a motion for a new trial, objecting to the admission of testimony, must set out, in substance at least, the testimony admitted over objection; otherwise this court will not consider the ground. It will not look to other parts of the record to complete the imperfect assignment of error.

5. Evidence that a large quantity of whisky contained in pint bottles had been claimed by the accused and delivered to him was admissible on his trial for the offense of selling intoxicating liquor. Especially is this so where the liquor alleged to have been sold was of the same quality as the liquor contained in the bottles. It is a circumstance of corroboration, of more or less weight, according to its nearness or remoteness to the matter under investigation.

6. Error in admitting testimony, objected to on the ground that it was irrelevant, immaterial, and hearsay, will not require the grant of a new trial, where it is manifest that the testimony could not have prejudiced the jury against the accused, and where competent evidence clearly supports the verdict.

DECIDED OCTOBER 31, 1913.

Indictment for sale of liquor; from city court of LaGrange—Judge Harwell. January 21, 1913.

*Arthur Greer,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

RUSSELL, J. The accused was arraigned on a special presentment, charging him generally with the unlawful sale of intoxicating liquors on January 1, 1912. He filed a plea of autrefois acquit. This plea alleged that he was tried and acquitted in the city court of LaGrange, September 12, 1911, on an accusation filed in that court charging him generally with the unlawful sale of intoxicating liquors on May 5, 1911. He alleged that the special presentment and the prior accusation related to and involved the same transaction. The trial judge sustained the demurrer to the special plea of autrefois acquit. His judgment sustaining this demurrer was as follows: "The demurrer is sustained, the court holding that the State could offer evidence of any sale of intoxicating liquor in Troup county by the defendant after September 12, 1911, and up to the finding of this indictment on which the defendant is being tried." The accused was thereupon tried and convicted of the offense charged in the special presentment. His motion for a new trial was overruled, and he assigns error on the judgment sustaining the demurrer to his special plea of autrefois acquit, and on the judgment overruling his motion for a new trial.

A plea of former jeopardy is sustained whenever the proof shows the second case to be the same transaction as the first, or "if the facts required to support the second indictment would have been sufficient, if proved, to procure a conviction under the first indictment." *Gully* v. *State*, 116 *Ga.* 529 (42 S. E. 790), and citations. On the trial of an indictment for a misdemeanor the State is not restricted to proving that the offense was committed on the date alleged, but may prove that it was committed at any time within two years preceding the finding of the indictment. On the trial of the special presentment in this case, which charged generally that the offense was committed on January 1, 1912, the prosecution could show that the accused committed the offense at any time within the two years preceding the date of the presentment; and the range of the evidence against the accused on the trial under the presentment might legally have included the same transaction for which he was tried and acquitted under the accusation in the city court, which charged that the commission of the offense was on May 5, 1911; and hence it follows that on the second trial he was legally in jeopardy for the offense for which he had previously been tried and acquitted.

It is insisted that though it was error for the court to have sustained the demurrer to the defendant's plea of former jeopardy, this error was harmless, because the court contracted (if that term may be used) to protect the defendant against the introduction of any evidence that might have been pertinent on his former trial. In the opinion of the majority of the court this conclusion is not warranted. Cases can be imagined where to allow testimony unfavorable to the accused to go to the jury, although it be afterward excluded by the court, would be extremely prejudicial. The defendant has the right (which it is not within the power of the court to abridge) to prevent any reference, even by suggestion, to any fact or circumstance which could have been used upon his former trial for the same offense; and it is a withdrawal of this right to say, in response to the defendant's demand, that the court will apportion the right in such manner as to see that no injury results to the accused. Aside from any technical reason, the court should always be as much the judge in behalf of the accused as in behalf of the prosecution, and no more the judge for one party than for the other. The provision which protects the citizen from being

more than once placed in jeopardy (which means nothing more
than subjected to risk) is one of the fundamental rights of Anglo-
Saxon people, which justly, is most highly cherished, and the court
has no discretion in the administration of the law affecting this
right.   In any particular case the question of former jeopardy is
one stricti juris, and the question presented is a very simple one.
Either the accused is likely to be subjected to risk of conviction
for an act for which he has already been tried, or the transaction
is so different that there is no jeopardy.   In either event the ques-
tion is a single question and not capable of division or subtraction.
For this reason the majority of this court are of the opinion that the
judge was without power to require the accused to be tried upon an
agreement that the court would limit the range of the evidence; and,
furthermore, that the attempt so to limit it would, in practical
effect, generally prove to be prejudicial.   The rule that the de-
fendant in a criminal case, if he insists, has the right to be tried
upon an indictment perfect not only in substance but in form is
cardinal, and when, by timely demurrer, one accused of crime insists
upon his right, he can not be deprived of it except by a subsequent
waiver of the right to which he has directed the attention of the
court.

Except as herein elaborated, the headnotes are sufficiently self-
explanatory.                                *Judgment reversed.*

Hill, C. J., dissenting.   While I concur in the general rule as to
former jeopardy, as announced in the first headnote, yet the trial
judge in his order protected the accused from being again placed in
jeopardy for the same offense, by restricting the State to proof that
the offense charged in the special presentment took place after his
trial and acquittal on the accusation.   In other words, the trial
judge, in the order sustaining the demurrer to the plea of former
jeopardy, restricted the range of the proof by the State to a date
intervening between the acquittal of the accused on September 12,
1911, and the finding of the indictment or special presentment on
which the accused was then being tried.   While, on the trial of the
special presentment, the prosecution could prove any day within the
statute of limitations, and thus potentially might have embraced
the same transaction involved in the first trial under the accusa-
tion, yet this right of the State was restricted by the order of the
judge in such way as to protect the accused; and the evidence on

the trial under the special presentment was limited in accordance with this order of the trial judge. Probably the more orderly procedure would have been for the State to have filed a traverse to the plea of autrefois acquit, and this issue could then have been determined by a jury, but the courts of this day are getting away from technical procedure, and are deciding cases according to substantial rights in the light of the facts. The order of the court in the present case, while unusual, protected the accused, and the evidence on the trial was clearly limited to dates subsequent to the first trial. If, under the rules of strict legal pleading, the court erred in not overruling the demurrer to the plea of autrefois acquit and thus compelling the State to traverse the allegations of the special plea, yet where the same end was fully accomplished by the court's order and no injury resulted to the accused, it would seem to be an unnecessary procedure to reverse the judgment. While the judgment sustaining the demurrer to the plea of autrefois acquit was technically erroneous, it resulted in no harm to the accused, in view of the order of the court and the evidence on the second trial.