## 5743.   SABLE v. THE STATE.

1. Where the facts required to support a second indictment would have been sufficient, if proved, to procure a conviction of the same offense under a former indictment upon which the accused had been tried, and the time of the commission of the offense alleged in the first indictment antedated the second accusation only a little more than six months, the point that the accused upon the trial of the second accusation was put in jeopardy, as to a portion of the time covered by the first indictment, could have been raised by a plea of former jeopardy, on his arraignment upon the second indictment. However, in such a case as the foregoing, the failure to file a timely plea of former ·jeopardy must be treated as a waiver of that right; and failure of the judge to instruct the jury that the defendant could only be convicted on evidence that he committed the offense after his trial upon the former indictment does not require a reversal, where the proof in behalf of the prosecution

was confined to the date named in the second accusation, and there was no appropriate written request for instructions limiting the range of evidence.

2. It is not error to refuse to declare a mistrial when the argument of counsel, though illogical, is not otherwise prejudicial to the rights of the opposing party.

3. A ground of a motion for a new trial which merely alleges generally that the court erred in admitting or rejecting certain testimony, and does not specify the error or ground of complaint, presents nothing for the consideration of the trial court or the court of review.

4. The evidence was sufficient to authorize the conviction of the accused, and there was no error in refusing a new trial.

DECIDED JULY 21, 1914.

Accusation of misdemeanor; from city court of Savannah—Judge Davis Freeman. April 25, 1914.

*Bouhan & Herzog,* for plaintiff in error.

*Walter J. Hartridge,* solicitor-general, contra.

RUSSELL, C. J. The plaintiff in error was tried upon an accusation charging, in the first count, the sale of intoxicants, and, in the second count, that he kept such intoxicants at his place of business in violation of the general prohibition law. He was acquitted upon the first count and convicted upon the second, and he excepts to the judgment overruling his motion for a new trial.

1. In a ground of the motion for a new trial complaint is made that "the court erred in failing to charge the law in reference to the statute of limitations in misdemeanors, to wit, that the defendant would have to be convicted on evidence of a violation of the prohibition law since his last conviction or acquittal; and said violation would have to happen within two years from the date on which the warrant was issued and on which the accusation was founded." It is extremely doubtful whether the assignment of error is not too vague and indefinite to be considered; but, giving the plaintiff in error the benefit of the doubt, and assuming that it is his purpose to insist that the trial was vitiated because the accusation in the case at bar was filed on November 11, 1913 (for it appears from the record that the defendant was tried on October 1, 1913, upon a similar accusation filed May 12, 1913, charging in two similar counts a violation of the prohibition law, under which the State could have proved any violation which was within the terms of the accusation and which the defendant might have committed within two years prior to the date on which the former ac-

52

cusation was filed), we must hold that the point can not be raised either by exception to instructions which in and of themselves are correct and pertinent to the case, or by complaint that the court failed to refer to a proposition which should have been raised by an appropriate plea of former jeopardy. By reason of the fact that under the accusation now before us, it was within the power of the State to prove any unlawful sales, or any unlawful keeping of intoxicants, on the part of the defendant, within two years prior to November 11, 1913, it was the right of the defendant to have the court exclude any testimony tending to show that he has committed either of these offenses prior to May 12, 1913, but this object could only have been attained by a plea of former jeopardy. *Webb* v. *State,* 13 *Ga. App.* 733 (80 S. E. 14). Because of the form of the two accusations; it was within the power of the State, by extending the range of the evidence to any date within the period of two years prior to the filing of the accusation, to have placed the defendant more than once in jeopardy by exposing him for a second time to risk of conviction for sales or unlawful keeping in which he might have participated during nearly eighteen months included alike in both accusations,—the one before the court, and that on which he had already been tried. The point is the same as that upon which this court ruled in *Webb* v. *State,* supra. In that case the question arose on an appropriate plea of former jeopardy, and we held that a plea of former jeopardy should be sustained where one tried for a misdemeanor was subsequently put on trial under an indictment charging the same character of misdemeanor, and where, upon the latter indictment, proof could be made of the commission of the offense at a time within the period covered by the former indictment, and evidence which would support a conviction under the second indictment would have been sufficient to convict under the first indictment; basing the decision upon *Gully* v. *State,* 116 *Ga.* 529 (42 S. E. 790). As pointed out in the *Webb* case, it is very plain that a defendant is legally in jeopardy for an offense for which he has been previously tried and convicted or acquitted, when the range of the evidence against him, under the second accusation, might legally include the same transaction for which he has previously been subjected to trial. If the plaintiff in error had filed a plea of former jeopardy, the present

accusation should have been quashed, and the time of the offense should have been confined in such specific terms as would have restricted the proof to a transaction subsequent to the filing of the prior accusation. In other words, the second accusation should not only have alleged, pro forma, the day upon which the offense was committed, so as to show that the offense was not barred by the statute of limitations, but should also have stated unequivocally that the offense charged in the pending accusation was subsequent to May 12, 1913. However, we know of no means, other than an appropriate plea of former jeopardy, by which the point can be raised and the limitation be placed upon the power of the State to include within the range of its evidence any violation of the law not barred by the statute of limitations. In the *Webb* case, supra, we held specifically that it was not within the power of the court to substitute a limitation imposed upon the range of evidence by the court ex mero motu for the rights belonging to the defendant under a timely plea of former jeopardy. If a defendant, with the accusation before him, upon which it is apparent that he is likely to be jeopardized by proof of transactions which could have been proved against him on a former trial (and which, therefore, were legally included in that trial) omits to file a plea of former jeopardy, he must be deemed to have waived the right to object to the proof of any transaction which would have been legally admissible had there been any former trial. It may be that he is conscious that no testimony can be introduced except such as bears upon the single transaction named in the accusation (as was the case in the present instance), but in any event we see no reason which would prevent him from waiving his right to insist upon a plea of former jeopardy. The trial judge did not in this case instruct the jury that they could convict the accused of any violation of the law covered by the accusation and which had been committed by the accused within a period of two years prior to the filing of the accusation; and the jury could not, from the instructions, have understood that they would be authorized to convict the accused upon evidence other than that referring to the date fixed in the accusation, to wit: November 9, 1913.

2. In the 5th ground of the motion for a new trial, it is alleged, that "the court erred in failing to declare a mistrial on motion of counsel for defendant when made, on account of the following re-

marks of the solicitor-general: 'The witness Fred Butler is guilty of violating the prohibition law, else he would not hide behind the screen of his constitutional rights; and as he is guilty of violating the law, this defendant is guilty of violating the prohibition law, because the object of this witness Butler in not answering the questions is to shield the defendant, Sable.'" Since the jury acquitted the defendant upon the first count, which charged the sale of intoxicants in violation of the prohibition law, it does not appear how the comments of the solicitor-general could in any event have been prejudicial to the accused. Upon the first count the testimony for the State seemed to indicate that Butler might have sold whisky as an agent and at the instance of the accused, but the acquittal of Sable upon the first count shows that all the testimony as to Butler's connection with the case was disregarded. There is nothing in the record to indicate that Butler had any knowledge of or concern with the keeping of Sable's place of business. But even if the inference that Butler was in some way concerned in Sable's business and in the whisky kept there were authorized, still we do not think the judge erred in refusing to declare a mistrial on account of the language of the State's counsel. We do not apprehend that it would naturally follow from Butler's guilt that Sable would be guilty of violating the same law, as argued by the solicitor-general. Non sequitur it appears to us. Nor does it necessarily appear that the only object of Butler, in not answering the questions put to him as a witness was to shield Sable; especially in view of the testimony of another witness that the bottles purchased by the witness were obtained, not from Sable, but from Butler himself. The most reasonable conclusion upon this point would seem to be that Butler availed himself of his constitutional privilege to decline to answer the question because he could not truthfully deny the testimony of a witness which implicated him in an unlawful sale of intoxicating liquors. Whether we are right in our view of the remarks of State's counsel or not, the argument of the solicitor-general was addressed to the evidence, and contained no such unfair appeal to passion or prejudice as demands a new trial.

3. The remaining grounds of the motion for a new trial allege error in the admission of testimony or in refusing to exclude testimony. The first of these grounds is fatally defective, because it does not show the ground of objection presented to the court at the

time the testimony was admitted; and in none of them is there more than a general statement that the court erred in the ruling stated. In none of them is there any attempt to point out why the alleged ruling was erroneous; and for this reason, of course, they presented nothing for the consideration of the trial court, and they afford no ground for review.

4. Only one witness testified to sufficient facts to authorize the conviction of the accused upon the count charging the unlawful keeping of intoxicants at the defendant's place of business; but the testimony of this witness alone was sufficient to authorize the verdict, and, that verdict having received the approval of the trial judge, and the trial having been free from material error, this court has neither the right nor the desire to interfere with the conclusion reached.           *Judgment affirmed. Roan, J., absent.*