### 9248. HUDGINS *v.* THE STATE.

1. A motion to dismiss the writ of error from the refusal of a new trial in a criminal case, upon the ground that (under allegations of fact set forth in the motion) the trial judge was without legal authority to approve the brief of evidence at the time of hearing the motion for new trial, is not sustainable.
2. Under the accusation as amended, the State could not legally introduce evidence relating to a transaction on which the accused had previously been tried under an indictment for a like offense, the dates alleged in the accusation being after the time when the indictment was returned; and the plea of former conviction was properly stricken.

DECIDED MAY 1, 1918.

Accusation of selling intoxicating liquor; from city court of Hall county—Judge Wheeler. September 26, 1917.

*W. B. Sloan, Boyd Sloan,* for plaintiff in error.
*Hammond Johnson, solicitor,* contra.

BLOODWORTH, J. 1. The motion to dismiss the writ of error is without merit. "The Court of Appeals is without jurisdiction to consider the grounds of a motion to dismiss a bill of exceptions in a criminal case which is predicated upon alleged errors of the trial judge antecedent to its final decision upon a motion for new trial. (*a*) The adjudication of alleged errors in a criminal case, adverse to the State, would be, in effect, the consideration of a cross-bill of exceptions, which the State is not permitted to file. (*b*) Such errors can not properly be reviewed by a motion to dismiss, for the reason that such a motion must be addressed to some defect in form or procedure, inherent in the bill of exceptions itself, and relates back no further than the inception of the proceedings to obtain a writ of error, to wit, the presentation of a bill of exceptions." *Bryan v. State, 3 Ga. App. 26 (59 S. E. 185).*

2. Where one is placed on trial on a presentment by the grand jury, charging him with the offense of selling spirituous and intoxicating liquors, without charging any particular person to whom such sale was made, or specifying any particular occasion on which it took place, the accused is thereby placed in jeopardy for unlawfully selling such liquors to any person within the period of the

statute of limitations. It follows that when the accused has pleaded guilty of the offense charged, and, within two years from the date of the return of the former indictment, is again placed on trial on an accusation in a city court, charging the same offense in substantially the same language, and naming a day as the time of the offense, it would be error for the court on general demurrer to strike a plea of autrefois convict based upon these facts. *Craig v. State,* 108 *Ga.* 776 (2) (33 S. E. 653); *Webb* v. *State,* 13 *Ga. App.* 733 (80 S. E. 14); *Sable* v. *State,* 14 *Ga. App.* 816 (1), 818 (82 S. E. 379). However, an entirely different question is presented where the accusation, as in the instant case, after amendment, names a date and alleges a sale of liquor on said date and "at divers other times between" said date and another date, both of which are subsequent to the time when the indictment was returned. These allegations specifically limit the time during which proof of the crime can be shown, and the accused is put on notice that no attempt will be made to prove a sale prior to the date of the return of the indictment, nor one prior to the earliest date named in the accusation. The amendment was offered for the purpose of limiting the charge to sales of liquor accruing since the finding of the indictment to which he had pleaded guilty, and the amended accusation was so construed by the trial judge. In the case of *Sable* v. *State,* supra, Chief Judge Russell said: "As pointed out in the *Webb* case [supra], it is very plain that a defendant is legally in jeopardy for an offense for which he has been previously tried and convicted or acquitted, when the range of the evidence against him, under the second accusation, might legally include the same transaction for which he has previously been subjected to trial. If the plaintiff in error had filed a plea of former jeopardy, the present accusation should have been quashed, and the time of the offense should have been confined in such specific terms as would have restricted the proof to a transaction subsequent to the filing of the prior accusation. In other words, the second accusation should not only have alleged, pro forma, the day upon which the offense was committed, so as to show that the offense was not barred by the statute of limitations, but should also have stated unequivocally that the offense charged in the pending accusation was subsequent to May 12, 1913. However, we know of no means, other than an appropriate plea of former jeopardy, by which the

point can be raised and the limitation be placed upon the power of the State to include within the range of its evidence any violation of the law not barred by the statute of limitations. In the *Webb* case, supra, we held specifically that it was not within the power of the court to substitute a limitation imposed upon the range of evidence by the court ex mero motu for the rights belonging to the defendant under a timely plea of former jeopardy." See also the dissenting opinion of Chief Judge Hill in the *Webb* case, supra. We therefore hold, that, under the accusation in this case, as amended, the State could not legally introduce evidence that would include a transaction for which the accused had been previously tried, and that the plea of former conviction was properly stricken.

3. The evidence supported the verdict, and the trial judge properly refused a new trial.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*