## 23681. BROWN *v.* THE STATE.

DECIDED JULY 11, 1934.

*E. T. Moon,* for plaintiff in error. *L. L. Meadors, solicitor,* contra.

MacINTYRE, J. By agreement, cases No. 742 and No. 749 were tried together in the lower court and a verdict of conviction was rendered separately against the accused in each case. The accusation in case No. 742 charged that the defendant did, on the 25th day of August, 1933, have, possess, and control certain liquors, in violation of the prohibition law. The accusation in case No. 749 charged that on the 2d day of September, 1933, the defendant did have, possess, and control certain prohibited liquors, which liquors were described in the same language as those described in the accusation in case No. 742. The trial judge passed sentence upon the accused in case No. 749 and entered the following order in case No. 742: "The jury in the above-stated case having returned its verdict finding the defendant, James Brown, guilty, and having likewise found the said defendant, James Brown, guilty in a companion case for the same offense, as appears in criminal docket No. 4, page 150, case No. 749, with the offense in said case charged in general terms, and being a verdict based on a general accusation which charged the offense to have been committed as of

330

date of September 2, 1933, and a sentence having been passed by the court on said charge of September 2, 1933, case No. 749 of said general accusation, and the court being of the opinion that the charge in the case No. 749 covered and included the offense charged in the present case No. 742, which charged the offense in the present case to have been as of date of August 25, 1933, it is therefore considered, ordered, and adjudged that no fine or imprisonment be imposed in the present case. In open court, Sept. 13, 1933. W. T. Tuggle, J. C. C. L." The defendant insists "that the court should not consider, in passing on his motion for a new trial, any of the evidence testified to by the witnesses for the plaintiff or defendant in the brief of evidence that refers to the transaction of August 25,. 1933, which has been eliminated by said order of the court, exhibit A, but should only consider the evidence testified to by the witnesses for the plaintiff or defendant and the defendant's statement as to the transaction of September 2, 1933. Defendant alleges that the court did commit error by allowing the evidence of the first transaction to go into the brief and does commit error by considering it."

No plea of former jeopardy having been filed, there was no limitation placed upon the power of the State in case No. 749 to include within the range of its evidence any violation of the law not barred by the statute of limitations, to wit, two years prior to the filing of the accusation. *Sable* v. *State*, 14 *Ga. App.* 816, 819 (82 S. E. 379). The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*