33382. KEY *v*. THE STATE.

Decided May 11, 1951.

*A. J. Whitehurst,* for plaintiff in error.

*J. B. Edwards, Solicitor-General,* contra.

MACINTYRE, P. J. ■ By the terms of the act of 1946 (Ga. L. 1946, p. 142, Code, Ann. Supp., § 27-1410), a plea of nolo contendere "shall be deemed and held to be jeopardy of the defendant within the meaning of Article I, Section I, Paragraph VIII of the Constitution of the State of Georgia [§ 2-108] after sentence has been imposed."

■ "On the trial of an indictment [or accusation] for a misdemeanor the State is not restricted to proving that the offense was committed on the date alleged, but may prove that it was committed at any time within two years preceding the finding of the indictment [or filing of the accusation]." *Webb* v. *State,* 13 *Ga. App.* 733 (80 S. E. 14); *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156).

Under the indictment returned in the Superior Court of Thomas County on January 17, 1950, charging the defendant with the possession of non-tax-paid liquor, the defendant was subject to be convicted of any such offense committed within the two years immediately preceding the return of the indictment; namely, he was subject to be convicted of any such offense committed between January 17, 1950 and January 17, 1948. It follows, therefore, that under the indictment returned on January 17, 1950, the defendant could be convicted of the offense committed on June 12, 1948, to the accusation for which he had already filed a plea of nolo contendere and had been fined and sentenced to serve on the public works. Thus, under the indictment returned on January 17, 1950, the defendant is twice placed in jeopardy of being convicted of the offense committed on June 12 1948. This would clearly constitute a violation of Article I, Section I, Paragraph VIII of the Constitution of the State of Georgia. *Webb* v. *State,* supra.

This case belongs to that "class of cases where the State by the generality of the indictment may not be confined to proof of any specific date or transaction within the period of limita-

tion, with the result that a prosecution for a particular crime will usually operate as a bar for any such offense committed within the period of limitation previously to the indictment. *Craig* v. *State*, 108 *Ga.* 776 (2) (33 S. E. 653) ; *Bryant* v. *State*, 97 *Ga.* 103, 104 (supra) ; *Webb.* v. *State*, 13 *Ga. App.* 733 (1-3) 735 (80 S. E. 14) ; *Hudgins* v. *State*, 22 *Ga. App.* 242 (95 S. E. 875) ; *Mills* v. *State*, 35 *Ga. App.* 471 (2,3) (134 S. E. 141) ; 22 C. J. S. 419, § 280." *Harris* v. *State*, 193 *Ga.* 109, 117 (17 S. E. 2d, 573, 147 A.L.R. 980) ; *Morgan* v. *State*, 119 *Ga.* 964, 966 (47 S. E. 567).

As was said in *Sable* v. *State*, 14 *Ga. App.* 816, 819 (82 S. E. 379), "The time of the offense [for which the defendant was indicted on January 17, 1950] should have been confined in such specific terms as would have restricted the proof to a transaction subsequent to the filing of the prior accusation [in the City Court of Thomasville]. In other words, the second accusation [indictment] should not only have alleged, pro forma, the day upon which the offense was committed [July 6, 1949], so as to show that the offense was not barred by the statute of limitations, but should also have stated unequivocally that the offense charged in the pending accusation was subsequent to . . [July 2, 1948, the date of the filing of the accusation in the City Court of Thomasville.]"

The trial court erred in directing a verdict against the plea of former jeopardy and all further proceedings were nugatory.

*Judgment reversed. Gardner and Townsend, JJ., concur.*