33502. KEY *v.* THE STATE.

Decided September 11, 1951.

600

*A. J. Whitehurst,* for plaintiff in error.

MacINTYRE, P. J. ■ Where one is convicted under a *general* accusation charging him with *transporting* and *possessing* non-tax-paid liquor, and subsequently he is again brought to trial on an accusation for *possessing* non-tax-paid liquor during the same period of the statute of limitations covered by the first *general* accusation, under which he had already been convicted, and on this second trial he pleaded the former conviction as former jeopardy, and such plea, on appeal to this court, was held to be valid (*Key* v. *State,* 83 *Ga. App.* 839, 65 S. E. 2d, 278), such decision by this court does not render moot the questions on appeal from a conviction under an indictment for *transporting* non-tax-paid liquor during the same period of the statute of limitations covered by the first accusation, where in such latter case there was no plea of former jeopardy, such as was entered in the case for *possessing* non-tax-paid liquor. The plea of former jeopardy is a personal privilege and may be waived (*Hill* v. *State,* 41 *Ga.* 484; *Hall* v. *State,* 103 *Ga.* 403, 29 S. E. 915; *Brantley* v. *State,* 132 *Ga.* 573, 64 S. E. 676), and going to trial without filing any plea of former jeopardy or invoking any action on such a plea amounts to a waiver of such privilege. *Sable* v. *State,* 14 *Ga. App.* 816 (82 S. E. 379) ; *Norwood* v. *State,* 3 *Ga. App.* 325 (59 S. E. 828) ; *Hall* v. *State,* supra. The motion to dismiss the writ of error in this case, on the ground that the questions presented were rendered moot by our decision in *Key* v. *State,* supra, is denied.

■ In special ground 1 of his amended motion for a new trial, counsel for the defendant insists that there is a fatal variance

between the allegations of the indictment and the proof, in that in the indictment the defendant is charged with transporting the non-tax-paid liquor in a 1948 Ford sedan automobile, Motor No. 899A-2155562, whereas the proof only shows that the non-tax-paid liquor was transported in a "1948 Ford sedan." In his brief counsel for the defendant stands alone upon this question of the allegata meeting the probata, and all other features of the general grounds are abandoned. The point that there is a fatal variance between the allegata and probata is well taken. The gravamen of the acts made criminal under the provisions of Code, Ann. Supp., § 58-1020, transportation of non-tax-paid liquor, and Code § 58-201, transporting liquor, is the transportation itself. The indictment need not have alleged the motor number of the automobile so long as it alleged sufficiently the means of transporting the liquor, but having described the means of transportation with unnecessary particularity, the State was bound by that statement and it was necessary to prove the indictment as laid. "The Supreme Court, in *Fulford* v. *State*, 50 *Ga.* 593, quoting from Bishop's Criminal Procedure, §§ 234, 235, said: 'If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. And where there is a necessary allegation which can not be rejected [in the instant case, the means of transportation], yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other.' " *Hightower* v. *State*, 39 *Ga. App.* 674, 675 (148 S. E. 300). As was said in *Southern Express Co.* v. *State*, 23 *Ga. App.* 67, 70, 71 (97 S. E. 550), "Of course, the rule . . would not apply 'if any unnecessary averments, disconnected with the circumstances which constituted the stated crime,' be alleged. Such unnecessary averments need not be proved, but may be rejected as surplusage." But as we have said a necessary and essential element of the crime charged is the means of transportation and the motor number of the car being descriptive of this essential element, it could not be rejected any more than the means of transportation could be rejected, the one being descriptive of the other. See also, in this connection, *Wright* v. *State*, 52 *Ga. App.* 202 (182 S. E. 862). It follows, therefore, that on account of

this variance, the trial court erred in overruling the motion for a new trial and that judgment must be

*Reversed. Gardner and Townsend, JJ., concur.*