THE WILSON DRUG CO. v. THE PHŒNIX ASSURANCE CO.

*Contract—Insurance.*

Plaintiffs were wholesale and retail dealers in drugs, paints and other
goods usually kept in drug stores; the business was carried on in
one building, the wholesale and retail departments being separated
by a partition; an insurance policy insured "their wholesale stock
of drugs, paints, oils, dye-stuffs, *and other goods* on hand, * * *
contained in the three-story brick and basement metal-roof build-
ing, situate," etc.: *Held*, that the contract of insurance embraced
both the goods in wholesale and retail departments in the described
building.

CIVIL ACTION, tried before *Bynum, J.*, at Spring Term,
1892, of MECKLENBURG Superior Court.

This action is brought to recover the sum of money speci-
fied in a policy of insurance of the defendant, whereby it
"insured the plaintiff against loss or damage by fire to the
amount of fifteen hundred dollars on plaintiff's stock of
surgical instruments, including amputating and operating
cases, pocket cases, gynæcological, ear, eye, throat and all
other instruments usually kept in Surgical Instrument
Depots, all contained in the three story and basement brick
metal-roof building, situate No. 20 (Sanborn map, 1890), East
Trade street, Charlotte, N. C." This policy contained, among
other things, this provision : " 7. In case of any other insu-
rance upon the property hereby insured, whether made prior
or subsequent to the date of this policy, the assured shall be
entitled to recover of this company no greater proportion of
the loss sustained than the sum hereby insured bears to the
whole amount insured thereon, without reference to the dates
of the different policies, or their invalidity from want of notice
of this or other insurance, or from the violation of any of their
conditions, or the insolvency of any or all the insurance
companies; and it is hereby declared and agreed that in

case of the assured holding any other policy in this or any other company on the property insured, subject to the conditions of average or co-insurance, this policy shall be subject to average or co-insurance in like manner."

It appeared that the plaintiff had policies of insurance of divers other insurance companies containing the like provision as that last recited, which insured the plaintiff's property as follows: " On their stock of drugs, medicines, paints, oils, turpentine, dye-stuffs, glass, fancy goods, cigars, liquors and other merchandise usually kept in drug stores, contained in the three-story and basement brick metal-roof building, situate at No. 20, Trade street, Charlotte, N. C. Other insurance allowed."

The plaintiff also had another policy issued to it by the Orient Fire Insurance Company, which contained the like provision as that above recited, which insured its property as follows:

" On their wholesale stock of drugs, paints, oils, dye-stuffs *and other goods on hand for sale* not more hazardous, while contained in the three-story brick and basement metal-roof building, situate on the south side of Trade street, between Tryon and College streets, Charlotte, N. C. Other insurance allowed."

· It was admitted that the plaintiff's property was lost by fire on the 31st of January, 1891, without any fault on its part.

The plaintiff's loss of the property insured by the defendant was greater than $1,500, and it insisted that the defendant was bound to pay the full amount specified in its policy. The defendant, however, insisted that it was only bound to pay so much of the loss as the said Orient Fire Insurance Company was not bound to pay, under the contributory provision recited above. It was contended by the plaintiff that the policy of the last-named company did not embrace the property insured by the policy of the defendant sued upon,

that the latter alone embraced such property, and therefore the plaintiff was entitled to judgment for the full amount.

It appeared that the plaintiff was a wholesale and also a retail dealer in drugs, medicines, paints, oils, dye-stuffs, turpentine, fancy goods, liquors and other goods usually kept in drug stores. These businesses were carried on in the same house, a partition only separating the wholesale from the retail business.

The Court was of opinion that the policy of the said Orient Fire Insurance Company covered and embraced the property insured by the policy of the defendant, and that the latter was only bound to pay its *pro rata* part of the loss in question, and gave judgment accordingly, and the plaintiff appealed.

*Messrs. Burwell & Walker* (by brief), for plaintiff.
*Messrs. Jones & Tillett* (by brief), for defendant.

MERRIMON, C. J.—after stating the case: It is to be noticed that the defendant's policy referred to and embraced particular goods of particular kinds or classes It was not intended by it to insure the plaintiff's whole stock of goods, but to insure those particularly described and specified. The policy of the Orient Fire Insurance Company was plainly intended to be comprehensive—it specifies the plaintiff's "wholesale stock of drugs, paints, oils, dye-stuffs and *other goods*." These last are comprehensive words—not limited to *other wholesale goods* "on hand for sale not more hazardous," simply in the wholesale part of the house, but "contained in three-story brick and basement metal-roof building." There is no word of limitation except the word "wholesale," and it is supplemented and the meaning and purpose enlarged and extended to "other goods on hand for sale," not simply of the wholesale stock, but other goods—goods other than those specified by name "contained in the three-story brick and basement

STEEL AND IRON CO. *v.* EDWARDS.

metal-roof building." Moreover, in the nature of the matter, why, in the face of such comprehensive terms, should the meaning of the purpose to insure be limited to the wholesale stock of goods? Why should the plaintiff, in the absence of the limited purpose specified, be deemed to have intended to insure one part of its goods and not another? Besides, the care and caution of insurers, always observed by them, to limit their liability in plain and express terms, forbid the interpretation contended for by the plaintiff. In addition, in case of doubtful meaning their policies are to be taken most strongly against them. They execute them, and are presumed to be on their guard and observe due caution in expressing and defining their liability.

Affirmed.