## 32344. HEARD v. THE STATE.

MacINTYRE, P. J. 1. Where an indictment was returned on September 7, 1948, proof of having or selling prohibited liquors at any time between September 7, 1948, and September 7, 1946, will support the allegations of the indictment. As the indictment is for a violation of the prohibition statute, a misdemeanor, the statute of limitations governing this case is two years, and the State in making out its case is not confined to the day named in the indictment, but may prove the commission of the offense at any time within two years prior to the return of the indictment, and whether acquitted or convicted, the accused cannot be tried again for such an offense committed during the period of limitation governing the case on trial. *Cole v. State,* 120 *Ga.* 485 (2) (48 S. E. 156).

2. Special ground 1. The assignment of error in this ground is too general and raises no question for determination by this court. *Owen v. State,* 78 *Ga. App.* 558 (51 S. E. 2d, 602).

3. Special ground 5 is without merit. No one save the defendant and his wife resided in the home of the defendant nor was anyone else present when the officers saw and found the whisky in such home; and under the ruling in *Scott v. State,* 57 *Ga. App.* 489 (4) (195 S. E. 923), it was not error in this case to fail to charge the law of circumstantial evidence.

4. The other assignments of error are in principle controlled by the decision in *Elder v. State,* 68 *Ga. App.* 227 (22 S. E. 2d, 521), and we can add nothing to what has been said in that decision on the subject.

5. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Gardner and Townsend, JJ., concur.*
>
> DECIDED APRIL 30, 1949.

*W. L. Nix,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.