35065. GILSTRAP *v.* THE STATE.

DECIDED APRIL 7, 1954.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.

CARLISLE, J. ▮ Following the defendant's conviction in the Superior Court of Hall County on July 21, 1952, under an accusation which charged him in general terms with the possession of alcoholic liquors in Hall County on July 12, 1952, such conviction would operate as a bar to another prosecution for the same offense committed at any time within the two-year period immediately preceding the filing of the accusation, which we will presume to have been filed on July 21, 1952. *Webb* v. *State,* 13 *Ga. App.* 733 (80 S. E. 14); *Gully* v. *State,* 116 *Ga.* 527 (42

14

S. E. 790); *Cole v. State*, 120 *Ga.* 485 (48 S. E. 156). In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment is the same as a matter of fact as that charged in the first indictment or accusation under which he was put in jeopardy. *Harris v. State*, 193 *Ga.* 109 (17 S. E. 2d 573, 147 A. L. R. 980). It is alleged in the defendant's present plea of *autrefois convict* that, though the offense of possessing alcoholic beverages contained in count 1 is alleged to have been committed on February 16, 1953, the charge in fact grows out of a transaction on February 16, 1952, which is the identical transaction for which he was convicted on July 21, 1952. While there was much evidence introduced on the trial of the plea that the two offenses charged first in the accusation and again in the indictment grew out of the same transaction, none of the witnesses who testified on the hearing of the plea could say upon what information the grand jury had based count 1 of the indictment, and one of the witnesses, whose name appeared on the indictment as having testified before the grand jury, did not testify on the hearing of the plea. Under these circumstances, the trial court, as trior of the facts, was authorized to find that the defendant, upon whom the burden of proof rested, had not established the identity of the two offenses charged. The trial court accordingly did not err in overruling the defendant's plea. *Mance v. State*, 5 *Ga. App.* 229 (1) (62 S. E. 1053).

■ Where, at the time a witness is called to the stand, an objection is interposed to his testifying, on the ground that, having been adjudged insane and never restored to sanity, he is incompetent, and the trial court, without making any preliminary examination of the witness or of the witness's understanding of the nature of an oath, rules, "I will permit him to testify and let the jury pass on whether he is competent or not"—a new trial will be granted. Under the circumstances of this case, the trial court failed to exercise any discretion in determining the competency of the witness, but left the matter entirely for the jury. The statute requires that the trial court pass upon the competency of witnesses. Code § 38-1610 provides: "The court shall, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, or insanity, or drunkenness,

or infancy." The court made no examination, and this failure to comply with the requirements of the statute requires the grant of a new trial. *Young* v. *State,* 122 *Ga.* 725 (50 S. E. 996). The present case is unlike that line of decisions, relied upon by the State, which is exemplified by *Scott* v. *State,* 57 *Ga. App.* 489 (2) (195 S. E. 923), and the cases there cited. In those cases the witness had either not been adjudged insane, or the objection was not made at the time the witness was offered, or as in *Bell* v. *State,* 164 *Ga.* 292 (138 S. E. 238), the court, after having determined that the witness was competent, also allowed the jury to pass upon the question.

■ "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615). The trial court's action in allowing the witness, Henderson, to testify that he had worked for the defendant "setting off whisky for him," without establishing that this was within the two-year period immediately prior to the return of the indictment, and in allowing the same witness to testify that the defendant kept whisky in a truck body at his brother's bus station, which event was shown to have occurred more than two years prior to the return of the indictment, was erroneous as allowing the introduction of evidence tending to show the defendant to be guilty of other crimes without showing some logical connection between those crimes and the crimes for which he was on trial, from which it can be said that proof of the earlier crimes tends to establish the later ones for which the defendant was on trial. Special grounds 5 and 6 are well taken, and a new trial must be granted for these additional reasons assigned in the motion.

■ The other errors assigned are such as are not likely to recur on another trial and are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*