## 36421. HAWKS *v.* THE STATE.

CARLISLE, J. Where, on August 15, 1956, the defendant was found guilty under an accusation which had been returned into court on November 14, 1955, charging him with possessing non-tax-paid liquor on July 12, 1955; and, on August 16, 1956, before his arraignment under an accusation, which was also returned into court on November 14, 1955, charging him with possession of non-tax-paid liquor on July 9, 1955, the defendant interposed the following plea of autrefois convict: "That on the 15th day of August, 1956, in said court, this defendant was placed on trial under an accusation, which in law involved the same facts and transaction as are involved under the accusation in the above styled case, and was convicted of same; that under the accusation under which this defendant was tried and convicted, the facts and transaction which are involved in this case, the same having been alleged to have transpired and occurred within two years prior to the date of the accusation under which defendant was tried and convicted, could have been adjudicated, and were in law fully adjudicated on the trial of said accusation; and this defendant having been in jeopardy pleads said former conviction in bar to the accusation in the above named case, and says that he should not be tried thereon and to do so would place him in double jeopardy, in violation of the Constitution of the State of Georgia, and the accusation should be quashed. Defendant submits hereto with this special plea of autrefois convict a copy of said accusation, with the verdict of the jury thereon finding him guilty, as a part of this plea," which was overruled, and the defendant was put to trial and convicted upon such latter accusation, and the defendant assigns error upon the verdict and judgment of guilty under the latter accusation upon the ground that the trial court erred in overruling his plea of autrefois convict, this court must reverse the judgment for the following reasons:

1. Where the State by the generality of the accusation is not confined to proof of any specific date or transaction within the period of the statute of limitations, the result is that a prosecution for a particular crime operates as a bar for any such offense committed within the period of limitation prior to the return of the accusation. *Harris* v. *State,* 193 *Ga.* 109, 117 (17 S. E. 2d 573), and cit.; *Heard* v. *State,* 79 *Ga. App.* 202 (53 S. E. 2d 233); *Key* v. *State,* 83 *Ga. App.* 839 (65 S. E. 2d 278), and cit.

2. Under an application of the principles of law announced in the foregoing division of this opinion, the trial court erred in overruling the defendant's plea of autrefois convict. Both accusations were of a general nature and both were returned into court on November 14, 1955. The first accusation, under which the defendant was convicted charged the commission of the crime of possessing non-tax-paid liquor on July 9, 1955. The second accusation charged the commission of possessing non-tax-paid liquor on July 12, 1955. Both these dates are prior to the return of the accusation. As stated in *Key* v. *State,* supra: " 'The time of the offense . . . should have been confined in such specific terms as would have restricted the proof to a transaction *subsequent to the filing* [*the return*] *of the prior accusation.* . . In other words, the second accusation should not only have alleged, pro forma, the day upon which

595

the offense was committed . . . so as to show that the offense was not barred by the statute of limitations, but should also have stated unequivocally that the charge in the pending accusation was subsequent to . . . [the return or filing of the second accusation]."

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 19, 1956.

*Rupert A. Brown,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.