## 36594. McFARLIN *v.* THE STATE.

DECIDED APRIL 2, 1957.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.

TOWNSEND, J. ■ Counsel for the plaintiff in error in their brief insist generally upon all the grounds, general and special, of the motion for a new trial. Since, under Code § 6-1308, a general

insistence upon all the grounds of the motion for a new trial shall be held to be sufficient, special ground 7, upon which this case is being reversed, is here considered along with special grounds 1 and 2, although not specially argued in the brief of counsel. During the trial of the case the State attempted to show prior sales by the defendant of mortgaged property. Error is assigned on the question, "How many other cars during this same period did Mr. McFarlin sell under such circumstances?" to which the answer was, "I don't know, sir", and "About how many of the automobiles he sold for you had conditional-sales contracts on them?" which question was unanswered. The same is true of the following: "Did that car have a conditional-sales contract on it?" "I don't know." "Don't you know that it did?" The last question was again unanswered. Since the sales of automobiles other than the one constituting the subject matter of this case as shown by the evidence here were in no way illegal, the admission of evidence concerning them, although immaterial, is harmless. Accordingly, no reversible error is shown here. However, despite the fact that the State completely failed to show other criminal transactions, the trial court charged: "Certain testimony was gone into of the sale of other cars, which was limited to two years prior to the return of this indictment. I charge you, if there was any evidence that any cars were sold, whether there were any liens or contracts against them, you could not convict the defendant of that offense. Those things are admitted to be considered by the jury only in determining the state of mind, purpose, motive and intent on the part of the defendant in this case in this transaction for which he is now being tried before this jury."

"It is error to give an instruction unsupported by evidence, and when it is of a character likely to mislead the jury to the prejudice of the complaining party, it is cause for a new trial." *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (1) (89 S. E. 1080). Ordinarily, evidence of other criminal transactions, even though similar in nature, which are wholly distinct and independent from that for which the defendant is on trial, are irrelevant and inadmissible. *Bacon* v. *State*, 209 *Ga.* 261 (71 S. E. 2d 615).

The exception to this rule is where there can be shown some

logical connection between the two from which the proof of the one tends to establish the other. Accordingly, one or more fraudulent transactions of a similar nature by a defendant, not too remote in point of time, are admissible as tending to show guilty knowledge on the part of the defendant for the transaction for which he is on trial. *McCrory* v. *State*, 11 *Ga. App.* 787 (76 S. E. 163); *Farmer* v. *State*, 100 *Ga.* 41 (28 S. E. 26); *DeLoach* v. *State*, 64 *Ga. App.* 285 (13 S. E. 2d 44); *Thompson* v. *State*, 67 *Ga. App.* 240 (19 S. E. 2d 777); *Cox* v. *State*, 67 *Ga. App.* 618 (21 S. E. 2d 283); *Minich* v. *State*, 77 *Ga. App.* 157 (47 S. E. 2d 920). However, such prior transactions must be shown to be similar, and this includes fraud of the same sort in these transactions.

In the present case the indictment alleged that the defendant knowingly and with intent to defraud represented there were no liens on the automobile. His defense was that he sold a car belonging to his son in good faith and without knowledge of the encumbrance. If the defendant had previously perpetrated other frauds of the same nature in connection with his occupation as a used car salesman, the testimony might be admissible as bearing on the question of whether he had guilty knowledge, but that question is not before the court, and also it was not before the jury. There being no evidence whatever of similar fraudulent transactions by the defendant, the fact that the trial court charged the jury that they might find such evidence in the record, and, if they found it, might consider it in determining the state of mind of the defendant, invited the jury to consider the evidence of the sale of automobiles, no fraud appearing, as showing a criminal course of dealing in automobiles, which it did not, and as showing a present criminal intent, which it did not. Regarding the question of remoteness of such evidence in point of time, *Gilstrap* v. *State*, 90 *Ga. App.* 12 (81 S. E. 2d 872), cited by the State, is not applicable here. The question of remoteness of another criminal transaction in point of time, where evidence of the other crime is otherwise admissible under some exception to the general rule, is a question of fact, not a question of the statute of limitations. This rule should not be confused with that other rule discussed in the *Gilstrap* case which refers to

proof of the date alleged in the indictment, to the effect that where the presentment is general the crime *alleged in the indictment* may be proved, although the date differs from that shown, provided it be within the period of the statute of limitations.

The error in the court's charge must be presumed to be prejudicial to the accused, and demands the grant of a new trial.

■ Counsel for the defendant moved for a mistrial because of the statement of the solicitor during his argument to the jury as follows: "Under this evidence, this is nothing in the world except a scheme and a device to cheat and swindle Jim Waters out of his money." The rule laid down in Code § 81-1009 sought to be here invoked refers to statements by counsel of prejudicial matters which are *not* in evidence, and the solicitor here specifically restricted his argument to his interpretation of the evidence in the case which was not unreasonable. "Flights of oratory and false logic do not call for objections, rebukes, or mistrials. It is the introduction of facts not in evidence that requires the application of such remedies. *Patterson* v. *State*, 124 *Ga.* 408 (52 S. E. 534) ; *Berry* v. *State*, 10 *Ga.* 511, 523." *Brooks* v. *State*, 55 *Ga. App.* 227, 232 (189 S. E. 852). The argument was not improper, and the motion for a mistrial was properly denied.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*