## 72124. GROGAN v. THE STATE.
(346 SE2d 378)

BEASLEY, Judge.

Grogan appeals the denial of his "Plea in bar, Plea of former jeopardy, Plea of autrefois convict" to the charge of violating OCGA § 40-6-391. They arise out of the following chronology of events:

| Event | Date |
|---|---|
| Alleged commission by defendant of driving under the influence of alcohol, failure to maintain lane, and no proof of insurance. | 12/23/84 |
| Alleged commission of driving under the influence of alcohol (citation #131012) and speeding (citation #131013) culminating in auto accident. | 3/16/85 |
| Accusation #85-M-1136 filed and guilty plea accepted on all counts: Count 1, driving a motor vehicle while under the influence of alcohol; Count 2, driving a motor vehicle with at least .12 percent alcohol in blood; Count 3, failure to maintain lane; Count 4, no proof of insurance. All on 12/23/84.[1] | 5/3/85 |

---

[1] Though the date of incident alleged in all four counts is 12/23/85, it is clear from the date of filing the accusation that the year 1985 is a typographical error.

| | |
|---|---|
| Sentence entered in #85-M-1136. | 6/27/85 |
| "Plea in bar, Plea of former jeopardy, Plea of autrefois convict" filed to charge of violation of OCGA § 40-6-391 on 3/16/85. | 6/27/85 |
| Order filed denying defendant's triple plea.[2] | 7/18/85 |
| Accusation #85-T-4736-37 filed, charging defendant with Count 1, driving a motor vehicle while under the influence of alcohol; Count 2, driving a motor vehicle with at least .12 percent alcohol in blood; Count 3, speeding. All on 3/16/85. | 7/30/85 |
| Accusation 85-T-4736 filed charging same as above.[3] | 8/15/85 |

1. Grogan contends that inasmuch as the state failed to allege the date to be an essential element of the Section 391 charges to which he pled guilty in May, he was convicted of a "general prohibition offense" and therefore cannot in subsequent proceedings be prosecuted for a Section 391 (a) (1) or (4) offense where the proof of the later-prosecuted offense would be of an incident prior to the filing of the first accusation upon which he was convicted. He relies principally upon the authority of *Cole v. State*, 120 Ga. 485 (2) (48 SE 156) (1904) and *Heard v. State*, 79 Ga. App. 202 (53 SE2d 233) (1949) for the proposition that he cannot be tried again for such an offense occurring on an occasion any time within the two-year statutory limitation period prior to the filing of the accusation to which he pled guilty.

In *Cole* the defendant was convicted under an accusation charging him with illegally selling whiskey. The Supreme Court upheld as correct principles of law a jury charge to the effect that in proving its case, the state was not confined to the day named in the accusation

---

[2] Plea and order apparently relate to citation because accusation had not been filed yet.

[3] This accusation is substantively identical to the one filed on 7/30/85 save for a slight change in Count 3 which instead of charging Grogan with speeding by driving a vehicle on Woodward Road at 55 m.p.h. charges him with speeding by driving a 1972 Chevrolet El Camino upon a public street and highway; there is no evidence that an order of nolle prosequi was entered on the prior accusation as relates to the number — "37" nor is any explanation given for the presence of two accusations with the same number ("4736") but different filing dates.

302

but could prove that the offense had been committed any time within the two-year statutory limitation period prior to the date of the accusation, and that whether the defendant was acquitted or convicted, he could not again be tried for such an offense allegedly committed within the applicable and governing period of limitation. *Cole* was followed in *Heard v. State,* a case also involving having or selling prohibited liquors. The purpose of the doctrine in these holdings is to prevent the state from placing the defendant in jeopardy again for the same criminal transaction, when not confined to proof of any specific date or transaction within the period of the statute of limitations for the charged crime by virtue of the generality of the indictment or accusation. See *Hawks v. State,* 94 Ga. App. 594 (95 SE2d 764) (1956).

But this rationale does not apply in the case at bar. To begin with, it is patently evident from the other misdemeanor charges accompanying the two identical accusations that the pending charge of violation of OCGA § 40-6-391 stems from a different incident than that already pled to by the defendant. Appellant does not even claim that the two sets of charges arose out of the same conduct or same transaction or that he thought they did or was confused or misled in any way. The policy espoused in *Cole* and *Heard* and the other authority cited by appellant is necessitated by the nature of the offenses charged in those cases. They were by nature continuing and potentially indefinite in duration. Therefore, the date as a material element in the transaction was critical because the culpability had to be pinpointed in time so as to prevent multiple prosecution for various instances of the ongoing criminal activity.

The traffic offense at issue here, driving under the influence of alcohol or driving when there is .12 percent or more by weight of alcohol in the blood,[4] is of quite another character. While it is true that when it charged defendant with the first incident, the state could have proved that the crime charged occurred on a date other than the one specified in the accusation, i.e., at any time within the two years prior to the filing of the accusation, the state would still have been obliged to prove beyond a reasonable doubt the specific act complained of on a certain day, a specific incident connected in time with the alleged commission of failing to maintain lane and no proof of insurance. It became fixed, by the plea and sentence, as December 23,

---

[4] OCGA § 40-6-391 (a) (4) "defines a specific act, driving while having a blood-alcohol count of at least .12%, as criminal. . . . Impaired driving ability is not a 'fact necessary to constitute a crime' established in subsection (a) (4). [Cit.]" *Lester v. State,* 253 Ga. 235, 237 (2)-238 (320 SE2d 142) (1984). Therefore the defendant could not have been sentenced for a violation of OCGA § 40-6-391 (a) (1) as well as OCGA § 40-6-391 (a) (4) arising out of the same transaction, although he pled guilty to both.

1984.

So the second two identical accusations are not prosecutions for the offenses already pled to, on the face of it. "In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment is the same as a matter of fact as that charged in the first indictment or accusation under which he was put in jeopardy." *Gilstrap v. State*, 90 Ga. App. 12, 14 (1) (81 SE2d 872) (1954). This the defendant could not do here because the two indictments were distinct and separate transactions as a matter of fact.

The circumstances in this case have not placed Grogan in jeopardy of retrial for the same instance of driving under the influence of alcohol.

2. Appellant further contends that the subsequent and pending prosecution for driving under the influence of alcohol is barred by the provisions of OCGA § 16-1-8 (b) (1). The pending prosecution, however, is not for a crime of which the defendant could have been convicted on the former prosecution, as it occurred on a different date and was unconnected; it is not for a crime with which the defendant should have been charged on the former prosecution because it is for separate and distinct and unrelated offenses; and it obviously is not a crime which involves the same conduct. See Division 1, supra; see also *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984).

*Judgment affirmed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MAY 22, 1986 —
REHEARING DENIED JUNE 6, 1986 — 

*Michael L. Russo*, for appellant.
*Patrick H. Head, Solicitor, Greg McConnell, Jon Hope, Assistant Solicitors*, for appellee.