A89A1238. SANDNER v. THE STATE.
(387 SE2d 27)

CARLEY, Chief Judge.

By an accusation filed in January of 1988, appellant was charged in alternative counts with driving under the influence in violation of subsection (1) and (4) of OCGA § 40-6-391 (a). The alleged crime occurred on August 6, 1987. By an accusation filed in March of 1988, appellant was charged with the following crimes: alternative counts of driving under the influence in violation of subsection (1) and (4) of OCGA § 40-6-391 (a); driving with a suspended license; following too closely; and having no insurance. These alleged crimes all had occurred on November 2, 1987.

After a jury trial on the first accusation, appellant was acquitted. Appellant then filed a plea of autrefois acquit as to the second accusation. The trial court denied this motion and appellant appeals.

1. Because neither of the accusations stated that the date of the alleged offenses was a material averment, the State could prove their commission at any time within the two-year statute of limitation. For this reason, appellant urges that his acquittal on the first accusation serves as a bar to his prosecution for the incidents which were alleged in the second accusation to have occurred before the first accusation was filed.

"The purpose of [barring subsequent prosecution in certain similar cases] is to prevent the [S]tate from placing the defendant in jeopardy again for the same criminal transaction, when not confined to proof of any specific date *or transaction* within the period of the stat-

ute of limitations for the charged crime by virtue of the *generality* of the indictment or accusation. [Cit.] But this rationale does not apply in the case at bar. To begin with, it is patently evident from the other misdemeanor charges accompanying the [second accusation] that the . . . charge of violation of OCGA § 40-6-391 [alleged in the first accusation] stems from a different incident . . . . Appellant . . . claim[s] [only] that the two sets of charges [*could* have arisen] out of the same conduct or same transaction [and] that he . . . was confused or misled in [trial preparation]. The policy espoused in [certain cases whereby further prosecution is barred for the same type offense within the limitations period] is necessitated by the nature of the offenses charged in those cases. They were by nature continuing and potentially indefinite in duration. Therefore, the date as a material element in the transaction was critical because the culpability had to be pinpointed in time so as to prevent multiple prosecution for various instances of the ongoing criminal activity. The traffic offense[s] at issue here . . . [are] of quite another character. . . . So the second [accusation is] not [a prosecution] for the offenses already pled to, on the face of it. 'In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment [or accusation] is the same *as a matter of fact* as that charged in the first indictment or accusation under which he was put in jeopardy.' [Cit.]" (Emphasis supplied.) *Grogan v. State*, 179 Ga. App. 300, 302-303 (1) (346 SE2d 378) (1986).

Appellant offered no evidence whatsoever that his subsequent prosecution on the second accusation pertained to the same transaction as that which was the basis for his prosecution on the first accusation. Accordingly, appellant failed to carry his burden of proof. "While it is true that when it charged [appellant] with the first incident, the [S]tate could have proved that the crime charged occurred on a date other than the one specified in the accusation, i.e., at any time within the two years prior to the filing of the accusation, . . ." *Grogan v. State*, supra at 302 (1), there is no evidence in the record that the State did so.

2. Likewise, OCGA § 16-1-8 is no bar to appellant's subsequent prosecution on the second accusation. *Grogan v. State*, supra at 303 (2).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1989.

*David R. Rogers*, for appellant.

*Gerald N. Blaney, Solicitor, David M. Fuller, Robert Greenwald, Assistant Solicitors, for appellee.*