## A90A1873. NEAL v. THE STATE.
(400 SE2d 375)

CARLEY, Chief Judge.

Appellant was indicted for violating OCGA § 49-4-15 (a) (1) by fraudulently obtaining $1,585 in public assistance payments to which she was not entitled between August 1987 and January 1988. She filed a plea of autrefois convict and appeals directly from the denial of that motion. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

" ' "In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment (or accusation) is the same *as a matter of fact* as that charged in the first indictment or accusation under which he was put in jeopardy." (Cit.)' [Cit.]" (Emphasis in original.) *Sandner v. State*, 193 Ga. App. 62, 63 (1) (387 SE2d 27) (1989). There is no copy of the first indictment of appellant in the record. Thus, there is no evidence that the transaction that is charged in the instant indictment is the same as a matter of fact as that which was charged in the first indictment or that appellant was ever placed in jeopardy under the first indictment. Moreover, even accepting the truth of the allegations of appellant's plea of autrefois convict, the plea was nevertheless properly denied. According to those allegations, appellant had previously pled guilty to an indictment charging her with fraudulently obtaining $3,796 in public assistance payments between March 1985 and March 1986. The instant indictment charges appellant with fraudulently obtaining a *different* amount of public assistance payments during a *different* uninterrupted period of time. Thus, the transaction charged in the instant indictment is *not* the same as a matter of fact and charges appellant with commission of a similar, *but subsequent*, crime to that charged in the purported first indictment to which she allegedly pled guilty. OCGA § 49-4-15 (a) (1) prohibits the act of fraudulently obtaining *"[a]ny* grant or payment of public assistance, food stamps, or medical assistance (Medicaid) to which [one] is not entitled. . . ." (Emphasis supplied.) If appellant was indicted and pled guilty to fraudulently obtaining $3,796 in public assistance payments between March 1985 and March 1986, the State is not barred from prosecuting her for the subsequent fraudulent obtaining of $1,585 in public assistance payments between August 1987 and January 1988.

Appellant's further reliance upon OCGA § 16-1-7 (b) is misplaced. As noted, the instant crime does not arise from the "same conduct" as that for which she was previously prosecuted but arises from her subsequent, albeit similar, fraudulent conduct. See generally *Ealey v. State*, 139 Ga. App. 604, 605 (1) (229 SE2d 86) (1976). Moreover, appellant neither pled nor proved the jurisdiction wherein her first prosecution occurred and, therefore, she failed either to plead or

to prove that the crime charged in the instant indictment could have been included in the former prosecution. See *State v. Bolton*, 144 Ga. App. 797, 799 (1) (242 SE2d 378) (1978). Finally, appellant also failed to show that the instant crime was " '*actually* known to the prosecuting officer *actually* handling the [first] proceedings.' " (Emphasis in original.) *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

Decided December 5, 1990.

G. Scott Sampson, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Katherine Beaver, Assistant District Attorneys, for appellee.