A92A1410. THE STATE v. GILLESPIE.

(425 SE2d 418)

SOGNIER, Chief Judge.

Johnny Mac Gillespie filed a plea in bar based on double jeopardy. The State answered, denying the allegation. The trial court

granted the plea, and the State appeals. *State v. Stowe*, 167 Ga. App. 65, 66 (1) (306 SE2d 663) (1983).

We agree with the State that the trial court erred by granting appellee's plea in bar. The record reveals that the two indictments in issue in the case sub judice were returned against appellee in September 1991. Both indictments charged him with selling cocaine to an undercover officer, but set forth the separate dates for those sales, March 12 and March 25, 1991. Appellee attached to his plea in bar a certified copy of an earlier indictment dated March 5, 1991 charging him with selling cocaine to an undercover officer on April 13, 1990 and his guilty plea and sentence to that charge entered on April 25, 1991. The dates of the sales were not made a material averment in any of the indictments.

Citing the well-established principle that when the date of the alleged offense is not made a material averment the State can prove commission of the offense at any time within the statute of limitation, e.g., *Ledesma v. State*, 251 Ga. 885-886 (1) (a) (311 SE2d 427) (1984), appellee asserts his plea was properly sustained because the current indictments *could have* arisen out of the same conduct that was the subject of the first indictment and guilty plea. However, "[i]n order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment or accusation is the same *as a matter of fact* as that charged in the first indictment or accusation under which he was put in jeopardy." (Citations and punctuation omitted.) *Sandner v. State*, 193 Ga. App. 62, 63 (1) (387 SE2d 27) (1989). In this case, appellee offered no evidence whatsoever that the two indictments in issue pertain to the same transaction as that which was the basis for his prosecution on the first indictment and does not contend he was confused or misled in any way. Accordingly, appellee failed to carry his burden of proof. Id. See also *Neal v. State*, 198 Ga. App. 13 (400 SE2d 375) (1990); *Grogan v. State*, 179 Ga. App. 300 (346 SE2d 378) (1986) (physical precedent); *Gilstrap v. State*, 90 Ga. App. 12, 14 (1) (81 SE2d 872) (1954). The cases cited by appellee do not support a contrary result, as they involved offenses which " 'by nature [were] continuing and potentially indefinite in duration. Therefore, the date as a material element in the transaction was critical because the culpability had to be pinpointed in time so as to prevent multiple prosecution for various instances of the ongoing criminal activity.' " *Sandner*, supra. Those cases are thus distinguishable from the offenses charged in the case sub judice, which involve distinct and separate transactions as a matter of fact.

OCGA § 16-1-8 (b) does not authorize a different result. As interpreted in *McCannon v. State*, 252 Ga. 515, 517-518 (315 SE2d 413) (1984), OCGA § 16-1-8 (b) provides in relevant part that prosecution

is barred "if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in . . . a conviction . . . and: . . . (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began." Given that "same conduct" under OCGA §§ 16-1-7; 16-1-8 means "same transaction," *McCannon*, supra at 518, n. 5, we find no merit in the argument that "the same conduct" encompasses "the same type of conduct," i.e., different transactions involving the identical crime. See *Neal*, supra. The interpretation of "same conduct" to mean "same transaction" is not inconsistent with (b) (1) (iii) (B) of OCGA § 16-1-8, *McCannon*, supra at 517-518 (the latter crime "was not consummated when the former trial began"), because the purpose of that language is not to include "different transactions" within the meaning of "same conduct" but rather the language is meant to address situations such as that arising in *Lowe v. State*, 240 Ga. 767, 768-769 (1) (242 SE2d 582) (1978) (five months after accused was indicted and pled guilty to charge of aggravated assault, victim of that assault died; murder indictment not barred by former aggravated assault prosecution because murder was not consummated when former trial began).

Accordingly, OCGA § 16-1-8 is no bar to appellee's subsequent prosecution on the two indictments in issue. See generally *Sandner*, supra at 63 (2).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 23, 1992.

*Timothy G. Madison, District Attorney, Jerry C. Gray, Jeffrey G. Morrow, Assistant District Attorneys*, for appellant.
*Donna L. Avans*, for appellee.

